**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY, Plaintiff, v. TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY), Defendant. | Civil Action No. 06-324 S |

**<u>TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION TO DISMISS</u>**

Now comes Defendant, Travelers Casualty and Surety Company, and hereby submits this Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendant relies upon the memorandum of law appended hereto.

TRAVELERS CASUALTY AND SURETY COMPANY

By Its Counsel,

/s/ Jason C. Preciphs
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

*Of Counsel:*
John A. Nadas (pro hac vice pending)
Kathleen Burdette Shields (pro hac vice pending)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2006 the within *Motion to Dismiss* was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Gerald J. Petros, Esq.
gpetros@haslaw.com
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ Jason C. Preciphs___________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | Civil Action No. 06-324 S |

**MEMORANDUM IN SUPPORT OF TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION TO DISMISS**

Travelers Casualty and Surety Company ("Travelers C&S") submits this Memorandum in Support of its Motion to Dismiss the Complaint of Plaintiff, Charter International Oil Company (hereinafter "Charter") pursuant to Fed. R. Civ. P. 12(b)(6).

Charter's Complaint, which asserts one count of breach of contract, fails as a matter of law because it is time-barred by the applicable statute of limitations. Public policy supports the dismissal of Charter's stale claims, which were brought nearly fifteen years after its cause of action is alleged to have accrued.

**BACKGROUND[1]**

Charter claims to be the successor-in-interest by merger to the Northeast Petroleum Corporation ("Northeast"). Comp. ¶¶4, 5. This suit arises out of several insurance policies that

[1] All statements in this section are based on allegations in the Complaint ("Comp."), unless otherwise stated, and are, for purposes of this Motion only, accepted as true in accordance with Fed. R. Civ. P. 12(b)(6). Travelers reserves its right to contest the truth of any and all such allegations if an Answer is required.

are alleged to have been issued by The Aetna Casualty and Surety Company in the 1963-1985 time period to Northeast.[2] Comp. ¶20.

Beginning in the mid-1960's, Northeast owned approximately 106 acres of land on the Sakonnet River in Tiverton, Rhode Island (the "Tiverton Site"). Comp. ¶10. Northeast used the Tiverton Site for petroleum storage and distribution operations. Comp. ¶11. It was later discovered that portions of the Tiverton Site were contaminated as the alleged result of Northeast's petroleum operations. Comp. ¶12. In 1985, the Rhode Island Department of Environmental Management ("RIDEM") is alleged to have informed Northeast that the Tiverton Site contained "pollutant levels far in excess of existing levels established by the RI Department of Health for maximum contaminate levels…" and is alleged to have ordered Northeast to prepare a comprehensive testing proposal and a remediation plan. Comp. ¶¶13-14. In 1992, Charter, by then the successor-in-interest to Northeast, entered into a Consent Agreement with RIDEM, which allegedly required Charter to remediate both the Tiverton Site and any off-site contamination, and to incur expenses for such activities (the "Consent Agreement"). Comp. ¶15.

In March of 1986, Charter first notified Travelers C&S of RIDEM'S alleged claim that Charter must clean up the Tiverton Site, and "demanded coverage under the Policies." Comp. ¶29. Throughout the late 1980's and early 1990's, Charter and Travelers C&S corresponded concerning RIDEM's claim and the Tiverton Site. Comp. ¶31. By letter to Charter dated December 31, 1991, Travelers C&S declined coverage for any environmental remediation at the Tiverton Site. Comp. ¶32. In that letter, Travelers concluded that numerous terms and conditions of the policies barred coverage for the clean up of the Tiverton Site. Charter alleges

[2] In 1996, The Aetna Casualty and Surety Company changed its name to Travelers C&S. The term "Travelers C&S" will be used throughout to refer both to Travelers C&S and its predecessor, The Aetna Casualty and Surety Company.

that "as a result of the position taken by Aetna," it entered into the Consent Agreement with RIDEM and undertook to incur certain costs for the clean up of the Tiverton Site "on its own, without the involvement of Aetna." Comp. ¶33. According to the allegations of the Complaint, Charter completed its obligations under the Consent Agreement in 2002. Comp. ¶33.

Although Charter now claims that Travelers C&S breached its insurance contracts by refusing to defend and indemnify Charter for the expenses it incurred to remediate the Tiverton Site, Comp. ¶¶36-44, Charter did not initiate the present action until June 15, 2006 - nearly fifteen years after Travelers C&S disclaimed coverage in 1991.

**ARGUMENT**

Under Fed. R. Civ. P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where, accepting as true all well-pleaded allegations in the complaint, and giving the plaintiff the benefit of all reasonable inferences therefrom, the complaint "presents no set of facts justifying recovery." *Cooperman v. Individual Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). In considering such a motion, the court should not accept "bald assertions, subjective characterizations and legal conclusions." *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999). Applying these standards, Charter's Complaint should be dismissed. The First Circuit has established that "granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *See LaChappele v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) (affirming lower court's grant of motion to dismiss for failure to state a claim

because contract claim was time-barred). Whether analyzed under Massachusetts or Rhode Island law, Charter's Complaint is time-barred and must be dismissed.[3]

## A. PLAINTIFF'S CLAIM IS TIME BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS IN EITHER RHODE ISLAND OR MASSACHUSETTS

### 1. The Applicable Statutes of Limitations

Under Rhode Island law, the statute of limitations for a breach of contract action is ten years and accrues when the contract is breached. R.I.G.L. 9-1-13 (1985). Under Massachusetts law, the statute of limitations for a breach of contract action is six years and also accrues at the time the contract is breached. Mass. Gen. Laws ch. 260, §2 (2004) (actions of contract, … shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues), *Berkshire Mut. Ins. Co. v. Burbank*, 664 N.E.2d 1188, 1189 (Mass. 1996) ("the general rule is that a contract action accrues at the time the contract is breached").

Both the Rhode Island Supreme Court and this Court have repeatedly recognized that statutes of limitations enacted by the legislature should be strictly applied. *See Massachusetts Mut. Life Ins. Co. v. Strickland*, 667 A.2d 1267, 1268 (1995) (explaining "this Court's policy of applying statutes of limitations stringently, thereby encouraging litigants to bring their actions during the required period"); *Rohm & Haas Co. v. Capuano*, 301 F. Supp. 2d 156, 162-63 (D.R.I. 2004) (finding claims time-barred and refusing to extend Rhode Island's common law

---

[3] There is a question as to whether Rhode Island or Massachusetts substantive law governs. This question arises because of issues relating to, among other factors, the corporate citizenship of Northeast, the location where the policies were issued, and the locus of the majority of the claims made under those policies. It is not necessary, however, to address the choice of law issue in order to resolve this Motion, because the result is the same under the law of either jurisdiction. *Cf. Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 334 (D.N.J. 2005) (court may resolve case without choosing between two states' laws "[w]here an examination of the various state laws lead to the same outcome-thereby creating a 'false conflict'"). Charter's Complaint is time-barred under the applicable statute of limitations for a breach of contract action in either Massachusetts or Rhode Island.

discovery rule absent "compelling justification"); *Rathbun v. Autozone, Inc.*, 253 F. Supp. 2d 226, 231-32 (D.R.I. 2003) (applying one-year statute of limitations to sex discrimination claims rather than-three-year period for which plaintiff had argued); *Greene v. Rhode Island*, 289 F. Supp. 2d 5, 12 (D.R.I. 2003) (holding Native-American tribe's claims against state were barred by ten-year statute of limitations). *See also Kriegel v. Rhode Island Dep't of Corrections*, 266 F. Supp. 2d 288, 294-95 (D.R.I. 2003) (court identified, *sua sponte*, threshold statute of limitations issue concerning employee discrimination claims). Here, Charter has shown complete disregard for the applicable statute of limitations for a contract action by bringing this suit nearly 15 years after Travelers C&S explicitly denied coverage for environmental remediation at the Tiverton Site at the end of 1991. Whether under the six-year statute of limitations in Massachusetts, or under Rhode Island's more generous ten year statute of limitations, Charter's claim is unquestionably time-barred.

**2. Charter's Claim for Breach of the Insurance Contracts Accrued When Travelers C&S Denied Coverage in 1991.**

It is possible that Charter may attempt to save its claims by arguing that the statute of limitations did not begin to run until 2002, when the cleanup plan negotiated in the Consent Agreement was certified as being complete. Comp., ¶18. If this is Charter's argument, it is unavailing. Under Massachusetts law, the statute of limitations for a claim for breach of an insurance contract begins to run from "the date the insurer disclaimed any obligation to defend or indemnify." *Travelers Ins. Co. v. Royal Ins. Co.*, 841 N.E. 2d 287, 2006 WL 223854, at *2 (Mass. App. Ct. 2006) (citing *Lumbermens Mut. Cas. Co. v. Y.C.N. Transp. Co.*, 705 N.E.2d 297 (1999)). In *Travelers*, the Massachusetts Appeals Court affirmed a lower court decision granting summary judgment that the plaintiff's breach of contract claim for failure to defend and indemnify an insured was time-barred. *See* 2006 WL 223854 at *2. The insurer's clear and

explicit denial of coverage constituted the event of breach that triggered the statute of limitations. *See id.*

Rhode Island state courts have not explicitly ruled when the statute of limitations accrues for a breach of contract action arising out of an insurance contract.[4] However, application of Rhode Island statute of limitations principles in other cases, including a number of federal decisions applying Rhode Island law, indicate that, if faced with the question, the Rhode Island Supreme Court would rule that an action for breach of an insurance contract accrues at the time the insurer denies coverage rather than at any other date.

In an analogous factual and legal scenario, this Court has held that the statute of limitations for an action arising out of a denial of health insurance coverage for a city employee began to run at the time the city denied coverage, and was not a continuing violation. In *Adams v. Town of Burrillville*, 249 F. Supp. 2d 151, 152 (D.R.I. 2003) (Smith, J.), the plaintiffs, a police officer and his common-law wife and son, sued the town under 42 U.S.C. §1983 and under various state law causes of action, including breach of contract and negligence. The plaintiffs' claims arose out of the town's refusal to provide health insurance benefits to the police officer's common-law wife and son. *See id.* at 152. The town informed the plaintiffs by letter that the officer's common-law wife and son would not be covered under the town's health insurance plan. *See id.* at 153. The town argued that certain of the plaintiffs' claims were barred by the three-year statute of limitations for tort and personal injury because the plaintiffs brought suit

[4] The Rhode Island Supreme Court has, however, strictly enforced statutes of limitations that are included within insurance policies and that expressly provide that the limitations period begins to run from the date of loss. *See Hay v. Pawtucket Mut. Ins. Co.*, 824 A.2d 458 (R.I. 2003) (observing that "[w]e have long adhered to the validity of limitations periods in insurance contracts, and applying policy's two-year limitations period to bar suit filed approximately five months late");.*DiIorio v. Abington Mutual Fire Ins. Co.*, 402 A.2d 745, 747-48 (R.I. 1979) (applying policy's one-year limitations period to bar late-filed suit by insured).

more than three years after the town's letter denying coverage. *See id.* at 154. The plaintiffs argued that their claims were not barred by the three year statute of limitations for tort and personal injury claims because their cause of action did not accrue at the time of denial of benefits but rather was a continuing violation, as the plaintiffs continued to incur costs and expenses as a result of the denial. *See id.* at 155.

The Court rejected this argument and held that the statute of limitations began to run at the time of the town's denial of benefits. *See id.*. The Court reasoned:

> Courts have routinely differentiated between conduct that is continuing in nature, and the injurious *consequences* of conduct that occurred in the past . . . . Here, plaintiffs clearly knew of their injuries when they received the April 1, 1998 letter denying health insurance coverage for Thomas and their son. While the Plaintiffs may have continued to suffer after that point as a result of the denial – by incurring expenses for procedures not covered by insurance or foregoing such procedures – those effects were consequences of the original denial of coverage and not additional violations.

*Id.* at 155. Applying that rationale here, Charter clearly knew it had a dispute with Travelers C&S when Travelers C&S denied coverage in 1991. While Charter allegedly incurred expenses after that date "as a result of" Travelers C&S denial of coverage, (Comp., ¶33) those expenses were merely "consequences of the original denial of coverage." *Adams*, 249 F. Supp. 2d at 155.

In another Rhode Island case, the Court recognized that under Rhode Island law, a breach of contract action accrues at the time of breach, even when damages occur later. *See Gail Frances, Inc. v. Alaska Diesel Electric, Inc.*, 62 F. Supp. 2d 511, 515 (D.R.I. 1999) (relying in part on statute of limitations provision in Rhode Island Uniform Commercial Code, R.I. Gen. Laws §6A-2-725). In the *Gail Frances* case, the plaintiff brought a breach of contract action against a boat manufacturer that refused, allegedly in violation of a prior agreement, to sell the plaintiff an extended warranty for the boat engines it had purchased. Several years after the defendant refused to sell the plaintiff an extended warranty, the engines failed and the plaintiff

eventually sued for breach of contract. *See id.* at 514-515. The Court rejected the plaintiff's argument that its cause of action accrued at the time it incurred calculable damages, when the engines failed, and instead held that the cause of action accrued when the defendant refused to sell the plaintiff the extended warranty. *See id.* at 515 (citing *Blue Ribbon Beef Co., Inc. v. Napolitano*, 696 A.2d 1225, 1229 (R.I.1997)). The Court proclaimed that Rhode Island law was clear that a cause of action for breach of contract does not accrue at the time damages are incurred or calculable, but rather at the time of actual breach. *See id.; see also International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d 122, 126 (Mass. App. Ct. 1990) ("a cause of action for breach of contract accrues at the time of the breach . . . . even though a specific amount of damages is unascertainable at the time of the breach or even if damages may not be sustained until a later time").[5]

Applying these principles, Charter has failed to file the current action within the time limitations provided for breach of contract actions in either Rhode Island or Massachusetts. Charter notified Travelers C&S of its potential liability arising from the Tiverton Site, and demanded coverage, in 1986. Although the parties corresponded on coverage issues for several years after this demand, in 1991, Travelers C&S clearly and unequivocally denied coverage under the policies for environmental remediation related to the Tiverton Site. Despite Travelers C&S clear denial of coverage – and according to Charter, its breach of contract – Charter waited 15 years to file this suit. Under both Massachusetts and Rhode Island law, Charter's breach of

[5] These decisions accord with the rulings of courts in other jurisdictions, holding that the statute of limitations for actions arising out of a denial of insurance coverage begins to run at the time the insurer denies coverage under a policy. *See Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1039 (Pa. Super. Ct. 1999) (holding that action for breach of duty to defend and indemnify began to run when the insurer denied coverage, not when litigation against the insured concluded); *Schwindt v. Commonwealth Ins. Co.*, 140 Wash. 2d 348, 353 (2000) (holding that breach of contract action under insurance contract accrues when insurer allegedly improperly denies coverage).

contract action accrued at the time of this alleged breach, and suit should have been brought no more than six (or ten) years thereafter. *See International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d. at 126 ; *Gail Frances, Inc.* , 62 F.Supp.2d at 515.

Moreover, there is no equitable reason to extend the applicable statute of limitations. The Complaint indicates that Charter clearly understood Travelers C&S denial and thus undertook actions "on its own." Comp., ¶33. Further, Charter did not "just miss" the applicable statute of limitations, but instead filed this action nine years after the Massachusetts limitations period expired and five years after the generous Rhode Island limitations period expired. Statutes of limitations play a significant public policy role in that they protect parties against stale claims, where the relevant witnesses' memories are likely to have faded with the passage of time, and relevant documents and other evidence are likely to have been destroyed or lost. *See Edes v. Verizon Communications, Inc.*, 417 F.3d 133, 142 (1st Cir. 2005) (recognizing that purpose of statute of limitations is to "prevent[ ] plaintiffs from sleeping on their rights and [to] prohibit[ ] the prosecution of stale claims"); *Roe v. Gelineau*, 794 A.2d 476, 485 (R.I. 2002) ("[s]tatutes of limitation promote certainty and finality and avoid stale claims"). These principles are particularly significant here, given Charter's nearly fifteen-year delay in commencing this suit. Charter's action is clearly time-barred and should be dismissed.

**CONCLUSION**

For the foregoing reasons, Charter's Complaint should be dismissed in its entirety because it is time-barred by the applicable statute of limitations.

TRAVELERS CASUALTY AND SURETY COMPANY

By Its Counsel,

/s/ Jason C. Preciphs____________
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)
jpreciphs@rcfp.com

*Of Counsel:*
John A. Nadas (pro hac vice pending)
Kathleen Burdette Shields (pro hac vice pending)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)
(617) 248-4000 (F)

**CERTIFICATION OF SERVICE**

I hereby certify that on this 18th day of August, 2006 the within *Memorandum of Law in Support of Defendant's Motion to Dismiss* was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Gerald J. Petros, Esq.
gpetros@haslaw.com
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ Jason C. Preciphs___________