**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | CIVIL ACTION NO. 06-324 S |

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Charter International Oil Company ("Charter"), hereby moves for leave of Court to file a sur-reply memorandum in response to the reply memorandum of Defendant, Travelers Casualty and Surety Company ("Travelers"), and avers as follows:

1. Travelers raised a brand new argument in its reply, which was not raised in, and is inconsistent with, the arguments it raised in its opening memorandum. In Travelers's opening memorandum, it argued that a cause of action accrues and the limitations period commences for a breach-of-insurance-contract claim when an insurer denies coverage. Charter's opposition brief addressed and refuted this argument. Travelers's reply, however, makes an entirely different argument—specifically that the statute of limitations commenced to run when Charter and RIDEM executed a consent agreement in 1992. According to Travelers, the Court can and should find on the current record that the consent agreement referenced in the Complaint was the equivalent of a final judgment, fixing the extent and scope of Charter's liability, essentially ending the

Underlying Environmental Action, and thus commencing the limitations period. A sur-reply is necessary to address this new argument.

2. In particular, Charter would like the opportunity to note for the Court that not only is there nothing in the Complaint to support Travelers's contentions in this regard but the allegations of the Complaint flatly contradict Travelers's position. In fact, entry of the 1992 consent agreement was far from the end of the Underlying Action. As discovery will show, Charter was required to and did in fact continue to defend against the Underlying Action all the way through the conclusion of the action in 2002. The allegations of the Complaint allege exactly this (*see, e.g.*, Complaint ¶ 33), and the Complaint overall clearly alleges facts that would support a finding that Charter continued to defend against the Underlying Action after entry of the consent agreement and until the RIDEM release in 2002. RIDEM continued to investigate and possess the authority to modify the terms of the agreement and hold Charter liable for violations of environmental statutes and regulations after entry of the consent agreement. There were ongoing implementation and related issues directly affecting the scope and extent of Charter's liability, and these factors required an ongoing defense of the Underlying Environmental Action until it was over. Thus, the consent agreement was not a final judgment and therefore could not operate as the limitations trigger, as Travelers contends.

3. Moreover, Charter requests the opportunity briefly to respond to Travelers's new argument by directing the Court's attention to case law holding that consent agreements in the environmental context only begin important aspects of the underlying action, are not the equivalent of final judgments, and thus do not commence

the statute of limitations. *See, e.g., Fed. Ins. Co. v. Purex Indus, Inc.*, 972 F. Supp. 872 (D.N.J. 1997).

4. Further, in support of its new argument Travelers mischaracterizes several of the relevant cases—for example, *Adams v. Town of Burrillville*, 249 F. Supp. 2d 151 (D.R.I. 2003), *Dutton-Lainson Co. v. Continental Ins. Co*., 716 N.W. 2d. 87, 100-02 (Neb. 2006), and *Hays v. Mobil Oil. Corp*., 736 F. Supp. 387, 397 (D. Mass. 1990). A sur-reply would aid the Court in clarifying the case law on both the limitations and choice-of-law issues in the context of Travelers's new arguments.

5. The sur-reply is limited to these issues and is particularly warranted because it responds to a dispositive motion and may be Charter's only opportunity to address Travelers's new argument in writing.

WHEREFORE, Charter respectfully requests that the Court grant its motion for leave to file a sur-reply memorandum in the form attached as Exhibit A to this motion and direct the Clerk to enter Exhibit A as a filed copy of the sur-reply memorandum.

CHARTER INTERNATIONAL OIL CORPORATION

By its attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
nbrendel@klng.com
jsegerdahl@klng.com
bsaulnier@klng.com

Dated: October 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2006, a copy of the foregoing Plaintiff's Motion for Leave of Court to file a Sur-reply Memorandum in Opposition to Defendant's Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)