**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | Civil Action No. 06-324 S |

**TRAVELERS CASUALTY AND SURETY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Now comes Defendant, Travelers Casualty and Surety Company, and hereby files the within response in opposition to the Plaintiff's Motion for Leave of Court to File A Sur-Reply In Opposition to Defendant's Motion to Dismiss. As grounds therefore, Defendant relies upon the memorandum of law appended hereto.

TRAVELERS CASUALTY AND SURETY COMPANY
By Its Counsel,

/s/ Jason C. Preciphs
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

John A. Nadas (admitted pro hac vice)
Kathleen Burdette Shields (admitted pro hac vice)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)
(617) 248-4000 (F)

**CERTIFICATION OF SERVICE**

I hereby certify that on this 16th day of October 2006, a copy of the foregoing *Objection* and *Memorandum in Response to Plaintiffs' Motion for Leave to File Sur-Reply* was filed electronically through the Court's CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing and sent via First-Class mail, postage prepaid, to counsel for Plaintiff who are not registered participants:

Gerald J. Petros, Esq.
Anna M. Piazza, Esq.
gpetros@haslaw.com
apiazza@haslaw.com

Neal R. Brendel, Esq.
Brian F. Saulnier, Esq.
James R. Segerdahl, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

/s/ Jason C. Preciphs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | Civil Action No. 06-324 S |

**<u>TRAVELERS CASUALTY AND SURETY COMPANY'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Travelers Casualty and Surety Company ("Travelers C&S") responds as follows to the Plaintiff's Motion for Leave of Court to File A Sur-Reply In Opposition to Defendant's Motion to Dismiss:

1. Charter's Sur-Reply is unnecessary because contrary to its assertions, Travelers C&S has not abandoned its position that the statute of limitations should be found to accrue when Travelers C&S denied coverage for Charter's claim in 1991. *See* Travelers C&S's Reply Brief, at 1, 3. Travelers C&S argued in its Reply only that, if the Court should choose to follow the cases from other jurisdictions cited by Charter in its Opposition brief, then Charter's claim would nonetheless be time barred under a proper reading of those cases. *See id.* at 5-7.

2. Charter also asserts that its sur-reply is necessary to draw the court's attention to several additional cases that it contends support its position but were not included in its opposition. Charter completely misquotes one of those cases, *Paper, Allied-Industrial, Chemical*

*& Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285 (10th Cir. 2005). Charter alleges that that case represents an example of an "'acrimonious' relationship between agency and remediator even after entry of consent judgment." Charter is wrong. The "acrimony" referred to in that case is between an environmental agency and citizens interested in the agency's negotiations with the alleged polluter. *See Paper*, 428 F.3d at 1290. The other new case cited by Charter, *Federal Ins. Co. v. Purex Indus., Inc.*, 972 F. Supp. 872 (D.N.J. 1997) is readily distinguishable from this case because the Administrative Consent Order in *Federal* required only environmental testing at the site in question and was entered a full two years before the presence of contamination at the site had even been confirmed. *See id.* at 876, 880. Clearly, in that case, the consent order did not determine the polluter's liability for environmental remediation because "any liability was contingent upon the discovery of contamination." *Id.* at 880. The situation here is markedly different. Charter entered into a consent decree with RIDEM after several years of testing and investigation and Charter's consent decree, it asserts, obligated Charter to spend millions to clean up pollution at and around the Tiverton site. *See* Complaint, ¶¶13-15.

3. Finally, Charter contends that its sur-reply is necessary because Travelers C&S has mischaracterized several of the relevant cases. Travelers C&S disputes this assertion and looks forward to addressing, at oral argument, the reasons why its reading of those cases is more accurate than Charter's portrayal of them.

For these reasons, Travelers C&S believes that Charter's sur-reply is neither helpful to the Court nor permissible under the applicable Rules.

TRAVELERS CASUALTY AND SURETY COMPANY

By Its Counsel,

/s/ Jason C. Preciphs
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

John A. Nadas (admitted pro hac vice)
Kathleen Burdette Shields (admitted pro hac vice)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)
(617) 248-4000 (F)

**CERTIFICATION OF SERVICE**

I hereby certify that on this 16th day of October 2006, a copy of the foregoing *Objection* and *Memorandum in Response to Plaintiffs' Motion for Leave to File Sur-Reply* was filed electronically through the Court's CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing and sent via First-Class mail, postage prepaid, to counsel for Plaintiff who are not registered participants:

Gerald J. Petros, Esq.
Anna M. Piazza, Esq.
gpetros@haslaw.com
apiazza@haslaw.com

Neal R. Brendel, Esq.
Brian F. Saulnier, Esq.
James R. Segerdahl, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

/s/ Jason C. Preciphs

RKS:JCP
400-283
305797