**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | Civil Action No. 06-324 S |

**TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER**

Travelers Casualty and Surety Company ("Travelers C&S") for its Answer to the Complaint filed by plaintiff Charter International Oil Company ("Charter") states as follows:

1. Travelers C&S admits that it was formerly known as The Aetna Casualty and Surety Company and admits that the Complaint attempts to assert a claim for breach of contract. Travelers C&S denies that Charter is entitled to any of the relief it seeks in the Complaint, and denies the remaining allegations of paragraph 1 of the Complaint.

**INTRODUCTION**

2. Travelers C&S admits that the Complaint attempts to assert a claim for breach of an alleged insurance contract. Travelers C&S denies that it engaged in any breach of contract and denies that Charter is entitled to any of the relief it seeks in the Complaint.

3. Travelers C&S admits that the Complaint attempts to assert a claim for breach of an alleged insurance contract. Travelers C&S denies that it engaged in any breach of contract and denies that Charter is entitled to any of the relief it seeks in the Complaint.

## PARTIES

4. Travelers C&S admits, on information and belief, that Charter is a Texas corporation. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the Complaint.

5. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Travelers C&S admits the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Travelers C&S states that the allegations of paragraph 7 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S admits that it is licensed to do business in Rhode Island, and that it has transacted business in Rhode Island at various points in the past, and denies the remaining allegations of paragraph 7 of the Complaint.

8. Travelers C&S states that the allegations of paragraph 8 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 8 of the Complaint.

9. Travelers C&S states that the allegations of paragraph 9 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 9 of the Complaint.

## UNDERLYING ENVIRONMENTAL CLAIM

10. Travelers C&S admits that Charter had some involvement with a site in Tiverton, Rhode Island, adjacent to the Sakonnet River (the “Tiverton Site”). Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Complaint.

11. Travelers C&S admits that Northeast Petroleum ("Northeast") was involved in petroleum storage and distribution operations at the Tiverton Site but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 of the Complaint.

12. Travelers C&S admits that, at various times, various entities have taken the position that the Tiverton Site was contaminated, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 12 of the Complaint.

13. Travelers C&S admits that the Rhode Island Department of Environmental Management ("RIDEM") sent a letter to Northeast that is dated December 18, 1985, but states that the letter is a written document that speaks for itself. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the Complaint.

14. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint.

15. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint.

16. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint.

17. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint.

18. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint.

**THE INSURANCE POLICIES**

19. Travelers C&S admits that it succeeded to the rights and obligations set forth in certain general liability insurance policies issued to Northeast by The Aetna Casualty and Surety Company. Travelers C&S denies the remaining allegations of paragraph 19 of the Complaint.

20. Travelers C&S admits that it issued primary policies to Northeast Equities, Inc. and to Northeast Petroleum Industries, Inc. at various times between July 1, 1967 and October 1, 1985. Travelers C&S further admits that it issued umbrella or excess policies to Northeast Equities, Inc. and to Northeast Petroleum Industries, Inc. at various times between July 1, 1965 and September 1, 1983. Travelers C&S further admits that initial premiums were paid for certain of the alleged policies. Travelers C&S denies the remaining allegations of paragraph 20 of the Complaint.

21. Travelers C&S states that the allegations of paragraph 21 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 21 of the Complaint.

22. Travelers C&S admits that paragraph 22 of the Complaint describes an Attachment A to the Complaint which lists certain insurance policies allegedly issued by Travelers C&S to Northeast. Travelers C&S states that it has been able to verify the existence of certain of the insurance policies listed in Attachment A and has been unable to verify the existence of others. Travelers C&S denies the remaining allegations of paragraph 22 of the Complaint.

23. Travelers C&S denies the allegations of paragraph 23 of the Complaint.

24. Travelers C&S admits that The Aetna Casualty and Surety Company was, at various times, a member of the National Bureau of Casualty Underwriters, the Insurance Rating

Board, and the Insurance Services Organization. Travelers C&S denies the remaining allegations of paragraph 24 of the Complaint.

25. Travelers C&S denies the allegations of paragraph 25 of the Complaint. Further answering, Travelers C&S states that any insurance policy it issued to Northeast is a written contract between the parties whose terms speak for itself.

26. Travelers C&S denies the allegations of paragraph 26 of the Complaint.

27. Travelers C&S states that the allegations of paragraph 27 of the Complaint constitute conclusions of law to which no answer is required. To the extent a response is required, Travelers C&S denies the allegations of paragraph 27 of the Complaint.

28. Travelers C&S states that the allegations of paragraph 28 of the Complaint constitute conclusions of law to which no answer is required. To the extent a response is required, Travelers C&S denies the allegations of paragraph 28 of the Complaint.

**AETNA'S REFUSAL TO PROVIDE COVERAGE**

29. Travelers C&S admits that it received a notification from Charter concerning the Tiverton Site in March 1986. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 29 of the Complaint.

30. Travelers C&S admits that it received a notification, dated April 4, 1986, from Charter concerning the Tiverton Site. That letter is a written document that speaks for itself and Travelers C&S denies the remaining allegations of paragraph 30 of the Complaint

31. Travelers C&S admits that from approximately March 1986 through December 1991, it corresponded with Charter concerning the Tiverton Site. Travelers C&S denies the remaining allegations of paragraph 31 of the Complaint.

32. Travelers C&S admits that on December 31, 1991, it sent a letter to Charter declining coverage with respect to Charter's involvement at the Tiverton Site. Travelers C&S denies the remaining allegations of paragraph 32 of the Complaint.

33. Travelers C&S lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint.

34. Travelers C&S admits that it received a letter in March 2006 from CBS Corporation, demanding reimbursement of its costs in connection with the Tiverton Site. Travelers denies the remaining allegations of paragraph 34 of the Complaint.

35. Travelers C&S states that the allegations of paragraph 35 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers denies the allegations of paragraph 35 of the Complaint.

**COUNT I (Breach of Contract)**

36. Travelers C&S repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37. Travelers C&S states that the allegations of paragraph 37 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 37.

38. Travelers C&S states that the allegations of paragraph 38 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 38.

39. Travelers C&S states that the allegations of paragraph 39 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 39.

40. Travelers C&S admits that it received correspondence from Charter concerning the Tiverton Site in March 1986, and that Charter sought coverage with respect to its activities at the Tiverton Site. Travelers C&S denies the allegations of paragraph 40.

41. Travelers C&S states that the allegations of paragraph 41 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 41.

42. Travelers C&S states that the allegations of paragraph 42 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 42.

43. Travelers C&S states that the allegations of paragraph 43 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 43.

44. Travelers C&S states that the allegations of paragraph 44 of the Complaint constitute conclusions of law to which no answer is required. To the extent that an answer is required, Travelers C&S denies the allegations of paragraph 44.

The prayer for relief set forth following Count I does not contain allegations of fact and consequently, does not require a response. To the extent that a response is required, Travelers C&S denies that Charter is entitled to the relief it requests.

## AFFIRMATIVE DEFENSES

In addition to the general and specific denials set forth above, Travelers C&S alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Charter's claim may be barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Charter's claim fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Charter's claim may be barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver, and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Charter's claim may be barred to the extent that it is neither a named insured under the alleged Travelers C&S policies nor entitled to coverage under those policies.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, by the limits of liability, deductibles, retrospective premium agreements, endorsements, exclusions, definitions, policy terms and other conditions contained in those policies.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the alleged circumstances for which Charter seeks coverage were not fortuitous or were expected or intended from the standpoint of the insured.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent Charter seeks coverage for penalties, fines, or punitive or exemplary damages.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent it seeks a determination of coverage for claims or losses based upon or attributable to its or Northeast's willful or deliberate non-compliance with any statute, regulation, ordinance or instruction of any governmental body or public policy.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent it failed to mitigate, minimize or avoid some or all of its alleged injury or damage.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Charter or Northeast or their predecessors, affiliates, agents, brokers or other representatives failed to disclose, concealed, omitted, or misrepresented facts material to the risks at issue in this litigation to Travelers C&S.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent Charter seeks coverage for a loss-in-progress or was not contingent prior to the effective dates of those policies.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Travelers C&S's rights of subrogation and/or contribution have been impaired.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, by the applicable pollution exclusions contained in those policies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the events giving rise to the underlying claims do not constitute an occurrence or an accident or an event within the meaning of those policies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Travelers C&S's obligation to reimburse or indemnify Charter is limited by applicable anti-stacking rules.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that relevant evidence has been destroyed, lost, suppressed, or otherwise not preserved.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Charter failed to cooperate with Travelers C&S as required by those policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Charter has made a

settlement of a claim in violation of the policies' voluntary payment provision or consent to settlement provision.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Travelers C&S is not obligated to pay any defense costs allegedly incurred on behalf of Charter or Northeast which were not both reasonable and necessary.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Charter failed to give Travelers C&S timely notice of such claim or failed to tender such claim to Travelers C&S, as required by the policies.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that Charter's claim arises from property that Charter acquired after the termination of any of the policies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Charter bears the burden of proving the terms, provisions, exclusions, conditions and limitations of any alleged insurance policies under which it claims coverage, including, without limitation, any insurance policies allegedly issued by Travelers C&S to Northeast under which Charter seeks relief. By asserting the various affirmative defenses set forth herein, Travelers C&S is not admitting that Charter has established the existence, terms and/or conditions of any Travelers C&S policy.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that any policy issued by Travelers to Northeast is an excess policy, and the attachment point of such policy has not been met.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the property damage for which coverage is sought occurred to property owned, occupied by, or rented to, Charter or Northeast, or was in the care, custody or control of Charter or Northeast, or was property as to which Charter or Northeast was for any purpose exercising physical control.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the administrative agency actions and regulatory compliance actions for which Charter seeks coverage do not constitute a "suit" for which Travelers C&S may be obligated to provide a defense under the terms and conditions of the policies.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the administrative agency actions and regulatory compliance actions for which coverage is sought do not involve "damages" recoverable under the policies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that the property damage for which coverage is sought arose at or involved premises alienated by Charter or Northeast.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Charter has any rights under the alleged Travelers C&S policies, Charter's claim may be barred, in whole or in part, to the extent that any of the injury and/or damage for which coverage is sought occurred prior to or after the expiration of the policies under which Charter seeks coverage.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Complaint does not describe the claims for which Charter seeks a determination of coverage against Travelers C&S with sufficient particularity to enable Travelers C&S to determine what defenses (including defenses based upon the terms, conditions, or exclusions of the policies allegedly issued by Travelers C&S) it may have in response to the Complaint. Travelers C&S therefore reserves the right to assert all defenses pertinent to Charter's claim if the precise nature of the underlying claims is ascertained through discovery.

**THIRTIETH AFFIRMATIVE DEFENSE**

Travelers C&S has not yet had the opportunity to complete discovery concerning the allegations of the Complaint and the underlying claims described therein. Travelers C&S therefore reserves the right to assert all defenses pertinent to Charter's claim (including defenses based upon the terms, conditions, or exclusions of the alleged policies issued by Travelers C&S), that may be warranted as a result of information obtained during discovery.

**WHEREFORE**, Travelers C&S prays that judgment be entered against Charter:

a. Dismissing the Complaint with prejudice as to Travelers C&S;

b. Declaring that Travelers C&S has no duty or obligation to defend or indemnify or pay defense costs to Charter relating to the Tiverton Site;

c. Awarding to Travelers C&S any recoverable costs of this action, including reasonable attorney's fees; and

d. For all such other and further relief as the Court deems just and proper.

TRAVELERS CASUALTY AND
SURETY COMPANY
By Its Counsel,

<u>/s/ Jason C. Preciphs</u>
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

John A. Nadas (admitted *pro hac vice*)
Kathleen Burdette Shields (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)
(617) 248-4000 (F)

Dated: November 2, 2006

## CERTIFICATION OF SERVICE

I hereby certify that on November 2, 2006, a copy of the foregoing *Answer of Travelers Casualty and Surety Company* was filed electronically through the Court's CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing and sent via First-Class mail, postage prepaid, to counsel for Plaintiff who are not registered participants:

Gerald J. Petros, Esq.
Anna M. Piazza, Esq.
gpetros@haslaw.com
apiazza@haslaw.com

Neal R. Brendel, Esq.
Brian F. Saulnier, Esq.
James R. Segerdahl, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

/s/ Jason C. Preciphs