**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | CIVIL ACTION NO. 06-324 S |

**PLAINTIFF'S ELEMENTS OF CLAIM**

Pursuant to this Court's Notice dated October 19, 2006, Plaintiff Charter International Oil Company hereby enumerates the elements necessary to sustain its claim, and avers as follows:

**Count I—Breach of Contract**

Under Rhode Island law, the elements for a breach-of-contract claim are: (1) existence of a contract; (2) breach; and (3) damages. *Petrarca v. Fidelity & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005). A contract exists provided that there is mutual assent and mutuality of obligation. *Filippi v. Filippi*, 818 A.2d 608, 623-24 (R.I. 2003). An insurer breaches a contract where, among other things, it fails to indemnify and defend an insured when the contract so requires. *See, e.g., Ins. Co. of N. Am. v. Kayser-Roth Corp.*, 770 A.2d 403, 405 (R.I. 2001) (affirming finding of breach).

In the context of a breach of an insurance contract, the plaintiff must make out a prima facie case, which includes demonstrating the existence and validity of the policy, the loss as within policy coverage, and the insurer's refusal to make payments as required by the terms of

the policy. *Ins. Co. of N. Am. v. Kayser-Roth Corp.*, 770 A.2d 403, 416-17 (R.I. 2001). "An insurer is obliged to defend its insured 'if the factual allegations contained in the complaint raise a reasonable possibility of coverage.'" *Employers Mut. Cas. Co. v. PIC Contractors, Inc.*, 24 F. Supp. 2d 212, 215 (D.R.I. 1998). "'[W]hen a complaint contains a statement of facts which bring the case within or potentially within the risk coverage of the policy, the insurer has an unequivocal duty to defend.'" *Providence Journal Co. v. Travelers Indem. Co.*, 938 F. Supp. 1066, 1072 (D.R.I. 1996). "[A]ny doubts as to the adequacy of the pleadings to encompass an occurrence within the scope of the policy must be resolved in the insured's favor." *O'Donnell v. Twin City Fire Ins. Co.*, 40 F. Supp. 2d 68, 71 (D.R.I. 1999). Indeed, when the complaint "leave[s] in doubt whether a state of facts exists" that will bring the claim within the policy, the insurer must defend. *Flori v. Allstate Ins. Co.*, 120 R.I. 511, 514-515, 388 A.2d 25, 27 (1978).

CHARTER INTERNATIONAL OIL
CORPORATION

Respectfully submitted by its attorneys:

/s/ Gerald J. Petros____________________
Gerald J. Petros (#2931)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
nbrendel@klng.com
jsegerdahl@klng.com
bsaulnier@klng.com

Dated: November 15, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2006, a copy of the foregoing Plaintiff's Elements of Claim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)