**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | Civil Action No. 06-324S |

**STIPULATED PROTECTIVE ORDER**

The parties, plaintiff Charter International Oil Company ("Charter") and defendant Travelers Casualty and Surety Company ("Travelers C&S"), each possess information relating to the subject matter of this action that they deem to be protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protection from disclosure, or that they deem to be confidential, proprietary and/or a trade secret. The parties recognize that in the course of discovery it may be necessary to disclose to the other party certain of the asserted confidential, proprietary and trade secret information, but each wishes to ensure that such asserted confidential, proprietary and trade secret information shall not be used for any purpose other than the above captioned litigation pending in the United States District Court for the District of Rhode Island, and shall not be made public by any party other than the Producing Party or otherwise be disseminated by any party other than the Producing Party, except as permitted by this Stipulated Protective Order. In addition, the parties contemplate that information deemed confidential, proprietary and/or trade secrets may be produced by non-

parties. The parties further recognize that in the course of discovery they may make available for inspection information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protection from disclosure, but each wishes to ensure that such protections shall not be waived as a result of such inspections. The parties and the Court seek to facilitate the production and protection of all such information.

Accordingly, the Court hereby enters this Stipulated Protective Order (the "Order") as follows:

**DEFINITIONS**

1. For purposes of this Order, "Producing Party" means a party to this litigation or any third party on behalf of whom information is furnished or produced during the course of this litigation.

2. For purposes of this Order, "Receiving Party" means a party to this litigation or any third party to whom information is furnished or produced during the course of this litigation.

3. For purposes of this Order, "CONFIDENTIAL INFORMATION" means any confidential, proprietary and/or trade secret technical, scientific, or business information that is not generally known and that the Producing Party would normally maintain in confidence and not reveal to a third party or would cause third parties to maintain in confidence. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.

4. For purposes of this Order, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information means any highly sensitive CONFIDENTIAL INFORMATION the disclosure of which the Producing Party reasonably believes could seriously harm the position of the

Producing Party, such as, by way of illustrative example, cost or revenue information or data, current business plans, information subject to a third party confidentiality agreement, or highly proprietary know-how or trade secrets. Any information that is derived from CONFIDENTIAL-ATTORNEYS' EYES ONLY information also constitutes CONFIDENTIAL-ATTORNEYS' EYES ONLY information to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL-ATTORNEYS' EYES ONLY information.

5. For purposes of this Order, "PROTECTED INFORMATION" means information that is either CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

6. PROTECTED INFORMATION may be furnished, produced or received in response to requests for production of documents, interrogatories, requests for admissions, depositions, subpoenas, or any other request for discovery pursuant to the Federal Rules of Civil Procedure or other applicable law; or may be furnished, produced or received in the form of pleadings, briefs, memoranda, expert reports, testimony adduced at deposition(s) or hearing(s), or materials to be introduced into evidence; or may be furnished, produced or received voluntarily or informally by a party to this litigation or any third party.

7. For purposes of this Order, "Outside Counsel of Record," unless otherwise stated, shall mean the outside attorneys of record in this litigation, as well as, to the extent deemed necessary by Outside Counsel of Record to aid in the prosecution, defense, or settlement of this action, the attorneys, paralegals and clerical and secretarial staff employed by and assisting Outside Counsel of Record, *but excluding* attorneys, paralegals and clerical and secretarial staff who are employed within the legal department of a party (even though such persons may be directing or assisting Outside Counsel of Record).

8. For purposes of this Order, an "Independent Expert" for a party is defined as any person with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or litigation thereof and who has been cleared to receive PROTECTED INFORMATION pursuant to this paragraph and paragraphs 16 and 17 below. At least seven business days prior to disclosing any PROTECTED INFORMATION to any proposed Independent Expert, a party shall ensure that the Independent Expert reads this Order and agrees to be bound by its terms by signing a Non-Disclosure Agreement, in the form attached as Attachment A hereto. In addition, with respect to any Independent Expert who will provide testimony, the party retaining the Independent Expert shall deliver a copy of the proposed Independent Expert's signed Non-Disclosure Agreement to the other party with a copy of the proposed Independent Expert's current *curriculum vitae* attached, at least seven business days prior to disclosing any PROTECTED INFORMATION to that Independent Expert. Within five business days after the receipt of such Non-Disclosure Agreement and *curriculum vitae*, any other party who has designated information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY may notify the proposing party in writing of its objection to the disclosure of any or all information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to the Independent Expert, which objection shall be made in good faith and on reasonable grounds. If an objection is made, no disclosure of PROTECTED INFORMATION shall be made until the parties resolve the matter by agreement, the objection is withdrawn, or the Court expressly orders the disclosure on such terms as the Court believes to be appropriate.

**DESIGNATION OF PROTECTED INFORMATION**

9. A Producing Party shall designate all documents to be treated as CONFIDENTIAL by marking each such document with the following legend at the time it is produced to the Receiving Party (or a similar legend clearly indicating the CONFIDENTIAL designation):

**CONFIDENTIAL**

or

**CONFIDENTIAL INFORMATION<br>SUBJECT TO PROTECTIVE ORDER**

A Producing Party also shall mark all documents to be treated as CONFIDENTIAL with a label, bates stamp or other similar designation sufficient to establish the identity of the Producing Party. Any copy made of a document, or any abstract, summary, or memorandum embodying information designated pursuant to this Order shall bear on its face the same (or similar) legend.

10. A Producing Party shall designate all documents to be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY by marking each such document with the following legend at the time it is produced to the Receiving Party (or a similar legend clearly indicating the CONFIDENTIAL ATTORNEYS' EYES ONLY designation):

**CONFIDENTIAL-ATTORNEYS' EYES ONLY**

or

**CONFIDENTIAL-ATTORNEYS' EYES ONLY<br>SUBJECT TO PROTECTIVE ORDER**

A Producing Party also shall mark all documents to be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY with a label, bates stamp or other similar designation sufficient to

establish the identity of the Producing Party. Any copy made of a document, or any abstract, summary, or memorandum embodying information designated pursuant to this Order shall bear on its face the same (or similar) legend.

11. All PROTECTED INFORMATION not reduced to documentary or tangible form or which cannot be reasonably designated in the manner set forth above shall be designated by the Producing Party by informing the Receiving Party in writing at the time the PROTECTED INFORMATION is disclosed to the Receiving Party.

12. Notwithstanding the foregoing, if a Producing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection. All documents produced in such manner shall be treated by the Receiving Party as CONFIDENTIAL-ATTORNEYS' EYES ONLY until the time copies of any selected documents are produced by the Producing Party. Further, production of files and records in such manner does not constitute a waiver of protections from disclosure afforded by the attorney-client privilege, the work product doctrine, or other applicable protection from disclosure. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain PROTECTED INFORMATION with the appropriate designation before the copies are produced to the inspecting party; or, as applicable, may withhold from production information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protection from disclosure.

13. In the event that any Producing Party, including a third party, discovers, after it has produced PROTECTED INFORMATION, that it has inadvertently produced PROTECTED INFORMATION that has not been correctly designated as such, such production shall not

constitute a waiver of any claim that the inadvertently produced material is entitled to protection under this Order, and the Producing Party may correct that error by designating in writing the confidential status of the document and specifically identifying the PROTECTED INFORMATION. The parties agree that following such notice that information shall be marked and treated in accordance with this Order.

14. Notwithstanding any provisions herein to the contrary, all parties recognize that due to the large volumes of documents to be provided these documents may not have been reviewed yet for privilege, work product and confidentiality purposes at the time that the requesting party performs its initial review thereof. Therefore, the producing party has the right to so designate and redact or remove appropriate documents after they are designated by the requesting party for copying. Any inadvertent disclosure of attorney-client or work product documents shall not waive the applicable privilege or any other protection accorded by law. If the producing party, after production, redacts or removes a document after the requesting party has sought a copy, the producing party, will, within 30 days of such action, provide the requesting party a privilege log of such redaction(s) and/or removal(s). If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may, within seven business days of the discovery of the inadvertent disclosure, give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or work product immunity, state the bases for the assertion of privilege or immunity, and request that the document or thing be returned to the Producing Party. The Receiving Party shall return to the Producing Party such document or thing unless a good faith dispute exists as to the propriety of the assertion of such claim of privilege or immunity or its admissibility in any proceeding before the Court. In the

event of such a dispute, the Producing Party may, within fourteen days following the Receiving Party's refusal to return the document(s) in dispute, file a motion to compel the return of the document(s). The Receiving Party may not use the document(s) in dispute for any purpose until such a motion is ruled on by the Court or until the fourteen days pass without the Producing Party filing such a motion. The return of the document or thing by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be produced and/or admissible in evidence for reasons other than a waiver caused by the inadvertent production or waiver as a result of the information having been made available for inspection prior to production.

**USE OF PROTECTED INFORMATION**

15. Outside Counsel of Record for the parties shall employ reasonable protective measures to ensure that the information and documents governed by this Order are used only for the purposes specified herein, and disclosed only to authorized persons. All PROTECTED INFORMATION shall be maintained in a secure manner by those authorized to have access to such material as herein set forth.

16. All information designated as CONFIDENTIAL shall be treated as confidential by the Receiving Party unless and until such designation is removed by agreement of Outside Counsel of Record or by order of the Court, and shall not be disclosed by any Receiving Party to anyone other than Outside Counsel of Record and the following individuals:

(a) in-house counsel employed by a party;

(b) officers, directors, or employees of a party deemed necessary by Outside Counsel of Record to aid in the prosecution, defense, or settlement of this litigation;

(c) a witness at any deposition or other proceeding in this litigation who is currently employed by the Producing Party;

(d) a witness at any deposition or other proceeding in this action who is a former officer, agent, employee, or attorney of the Producing Party, provided there is a good faith basis for believing the witness may have previously authored or received the CONFIDENTIAL information, or a good faith basis for believing the witness may have been involved with the specific matters to which the CONFIDENTIAL information pertains;

(e) a non-party entity who authored or received the CONFIDENTIAL information, as indicated upon the face of the document or by other reliable means;

(f) an Independent Expert, unless appropriately objected to as herein provided;

(g) independent document copiers employed in connection with this litigation;

(h) any court reporter in any deposition, hearing or other proceeding in this litigation;

(i) any other person as to whom the parties agree beforehand in writing; or

(j) the Court, including the Court's clerks and staff.

Prior to receiving any CONFIDENTIAL INFORMATION, each person described in paragraph 16(a)-(f) or (i) above shall be provided with a copy of this Order.

17. All information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Receiving Party unless and until such designation is removed by agreement of Outside Counsel of Record or by

order of the Court, and shall not be disclosed by any Receiving Party to anyone other than Outside Counsel of Record and certain other individuals as provided for below:

(a) a witness at any deposition or other proceeding in this litigation who is a present officer, agent, employee, attorney, or designated representative of the Producing Party;

(b) a witness at any deposition or other proceeding in this action who is a former officer, agent, employee, or attorney of the Producing Party, provided there is a good faith basis for believing the witness may have previously authored or received the CONFIDENTIAL-ATTORNEYS' EYES ONLY information, or a good faith basis for believing the witness may have been involved with the specific matters to which the CONFIDENTIAL-ATTORNEYS' EYES ONLY information pertains (if this provision applies, the CONFIDENTIAL-ATTORNEYS' EYES ONLY information will be used solely for purposes of examining the witness during a deposition, hearing, or trial, and the witness will not be permitted to retain any CONFIDENTIAL-ATTORNEYS' EYES ONLY information unless the witness is otherwise authorized to receive CONFIDENTIAL-ATTORNEYS' EYES ONLY information);

(c) a non-party entity who authored or received the CONFIDENTIAL-ATTORNEYS' EYES ONLY information, as indicated upon the face of the document or by other reliable means; or

(d) an Independent Expert, unless appropriately objected to as herein provided;

(e) independent document copiers employed in connection with this Litigation.

(f) any court reporter in any deposition, hearing or other proceeding in this litigation; and

(g) the Court, including the Court's clerks and staff.

Prior to receiving any CONFIDENTIAL-ATTORNEYS' EYES ONLY information, each person described in paragraph 17(d)-(e) above shall be provided with a copy of this Order. If an objection to disclosure under subparagraph a, b or c is made, no disclosure of CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be made until the parties resolve the matter by agreement, or the Court grants a motion permitting disclosure.

18. If PROTECTED INFORMATION, including any portion of a deposition transcript designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, is included in any papers to be filed with the Court, such papers shall be labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER," as appropriate. A redacted copy of such papers shall be filed and placed in the open court file, and an unredacted copy of such papers shall be delivered directly to the judge's chambers

19. Whenever a deposition taken on behalf of any party involves a disclosure of PROTECTED INFORMATION:

(a) In advance of or during the disclosure, the party whose CONFIDENTIAL INFORMATION is subject to disclosure shall state that the testimony is CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Order. The testimony shall be transcribed and marked "CONFIDENTIAL." Only those persons designated in paragraph 16 shall be permitted to listen to or read this testimony.

(b) In advance of or during the disclosure, the party whose CONFIDENTIAL-ATTORNEYS' EYES ONLY information is subject to disclosure shall state that the testimony is CONFIDENTIAL-ATTORNEYS' EYES ONLY and advise all persons present that the information is subject to this Order. The testimony shall be transcribed and marked

"CONFIDENTIAL-ATTORNEYS' EYES ONLY." Only those persons designated in paragraph 17 shall be permitted to listen to or read this testimony.

(c) Either party shall have the right to exclude from attendance at said deposition, during such time that the PROTECTED INFORMATION is to be disclosed, every individual excluding the deponent (if permitted under paragraph 16 or 17), the Court Reporter, and those individuals authorized under this Order to receive the PROTECTED INFORMATION.

(d) For a period of fifteen days following receipt of the deposition transcript, the entire transcript of said deposition shall automatically be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY, subject to the provisions of this Order. Within fifteen calendar days after receipt of the deposition transcript, the Producing Party shall designate in writing to all other parties any additional portion(s) of the transcript to be designated and thereafter treated as PROTECTED INFORMATION to the extent not already designated at the deposition itself. If a party fails to designate further portions under this paragraph, the undesignated portions of the transcript may be treated as not confidential.

20. A Producing Party may designate information disclosed at a hearing or trial in this litigation as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by requesting that the Court, at the time the information is proffered or adduced, receive the information *in camera* and designate the transcript appropriately.

21. The parties may make use of any PROTECTED INFORMATION in any way produced or obtained through discovery for any purpose in this litigation consistent with the provisions of this Order. The parties may not use PROTECTED INFORMATION for any purpose other than this litigation; provided, however, insofar as PROTECTED INFORMATION provides the Receiving Party with good faith basis to seek new or additional claims for relief,

either by amendment of the pleadings in this litigation or, in the event amendment of the pleadings is not available, through separately filed action, the Receiving Party remains within its right to pursue such claims in reliance on that PROTECTED INFORMATION. Nothing in this Order, however, is intended to determine or affect, in any way, the admissibility of such PROTECTED INFORMATION. Furthermore, nothing shall be deemed to restrict, in any manner, any party's dissemination or use of its own PROTECTED INFORMATION.

22. In the event that any PROTECTED INFORMATION is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Order, or if a person so authorized breaches any of his or her obligations under this Order, Outside Counsel of Record for the Receiving Party involved shall immediately report the unauthorized disclosure or breach to the Producing Party's Outside Counsel of Record, and also shall use his or her best efforts to obtain the return of all copies of the PROTECTED INFORMATION and to prevent further disclosures of the same.

23. The restrictions concerning PROTECTED INFORMATION set forth in this Order shall not apply to any document or information which, as can be demonstrated from written documents, deposition testimony or other tangible evidence:

(a) was, is, or becomes public knowledge, not in violation of the provisions of this Order;

(b) was or is acquired in good faith from a person, who is not a Producing Party or a present or former employee or agent of a Producing Party, who is not under an obligation to keep such PROTECTED INFORMATION confidential; or

(c) was or is created independently by the Receiving Party.

24. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's client with respect to this action, and in the course thereof, relying upon his or her examination of PROTECTED INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose or communicate (directly or indirectly) any PROTECTED INFORMATION nor the source of any PROTECTED INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Order.

25. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

26. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not argue as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

27. Any party who designates PROTECTED INFORMATION shall have a reasonable basis for believing, in good faith, that the information requested is private, confidential, proprietary or commercial information, upon which restrictions to access should be imposed before that party designates the information as PROTECTED INFORMATION. Any party who disagrees with another party's designation of a document or other information as

PROTECTED INFORMATION may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not properly designated. Prior to bringing such a motion, a party who objects to another party's designation of documents or other information as PROTECTED INFORMATION shall notify the other party in writing of its objection. The interested parties shall confer within seven calendar days in an attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, all parties and persons governed by this Order shall treat as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY (as the case may be) all documents and information previously designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order. A party objecting to a confidentiality designation may file and serve a motion within fourteen days of the parties' failure to reach agreement as confirmed in writing by either party. If a motion challenging a confidentiality designation is brought, the party or person asserting that a document or other information is confidential shall bear the burden of demonstrating that the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation is warranted. If, on a motion to confirm a confidentiality designation, the Court determines that such designation is proper, the party asserting confidentiality may, in the Court's discretion, be awarded reasonable costs and attorneys' fees incurred in obtaining the designation. If the Court determines that the document or information does not warrant the proposed confidentiality designation, the objecting party may, in the Court's discretion, be awarded reasonable costs and attorneys' fees incurred in defeating the attempted designation.

28. Nothing herein shall prevent any party from seeking to amend, modify or change the terms of this Order, either by signed written agreement between the parties (and relevant

third party entities, to the extent that their interests are affected) that is submitted to the Court, or by moving for relief from the Court. Furthermore, nothing in this Order shall be deemed to require the disclosure, dissemination, production, admissibility or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine or any other privilege, immunity or protection.

29. After entry of final judgment and the conclusion of any and all appeals (or after the completion of a final settlement, whichever first occurs), all documents and things or transcripts of deposition, together with all copies thereof, which have been designated as including PROTECTED INFORMATION shall, within sixty days, be either returned to the Producing Party, or certified by any person receiving such PROTECTED INFORMATION that it has been destroyed, *provided*, however, that each party's Outside Counsel of Record may retain one (1) copy of each said document, thing or transcript for archival purposes only.

30. Nothing in the foregoing provisions of this Order shall affect any previous protective order or agreement or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents produced in this litigation.

31. This Order shall be binding upon the parties hereto, upon their counsel, and upon their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents and independent contractors.

32. This Order is effective immediately and shall survive the conclusion of this litigation.

33. The terms of this Order shall remain in full force and effect, and shall control the disclosure of PROTECTED INFORMATION in this litigation, until such time as a different Protective Order is agreed upon by the parties and/or entered by the Court.

**PRODUCTION OF DOCUMENTS AND COPYING COSTS**

34. Subject to the Federal Rules of Civil Procedure and the terms of this Order, Plaintiff and Defendant shall produce at their discretion original documents or legible and accurate copies of original documents. The parties shall reach agreement as to the procedures to be followed in reproducing such documents.

35. Each producing party has the right to have persons present in the inspection room at all times during the other party's inspection of documents and materials produced pursuant hereto. The original documents and materials produced under the terms of this Order shall remain in the custody and control of the producing party at all times.

**ORDER**

Having duly considered the foregoing Protective Order, and good cause appearing,

IT IS SO ORDERED.

Dated:

______________________________
Judge

CHARTER INTERNATIONAL OIL COMPANY

By Its Counsel,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
gpetros@haslaw.com
(401) 274-2000
(401) 277-9600 (fax)

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
Kirkpatrick & Lockhart Preston Gates Ellis LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

TRAVELERS CASUALTY AND SURETY COMPANY

By Its Counsel,

/s/ R. Kelly Sheridan
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
ksheridan@rcfp.com
(401) 521-7000
(401) 521-1328 (fax)

John A. Nadas (admitted pro hac vice)
Kathleen Burdette Shields (admitted pro hac vice)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 8-5000
(617) 248-4000 (fax)

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT CONCERNING MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has read the attached Stipulated Protective Order entered in the case of Charter International Oil Co. v. Travelers Casualty and Surety Co., Case No. 06-324S, pending in the United States District Court for the District of Rhode Island. The undersigned acknowledges that he or she understands the terms of the Protective Order and agrees to be bound by such terms. The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of court.

Dated: ____________________ ________________________________
Signature

________________________________
Print Name

771783v3