**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 06-324 S |
| TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY), | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S ALTERNATE REQUEST FOR CERTIFICATION**

Pursuant to Local Rule Cv 56(a)(4), Plaintiff Charter International Oil Company ("Charter") hereby submits this Statement of Disputed Facts. Nothing herein is intended to or shall be construed to admit or acknowledge the characterization of facts as set forth in any paragraph of Travelers's Statement of Undisputed Material Facts. In particular, Charter disputes, denies, or controverts the alleged facts set forth in paragraphs 8, 9, 11, 20-22, 30, 31, 33, 36-38, 40, and 41 of Travelers's Statement of Undisputed Material Facts.

1. Charter disputes Paragraph 8. A review of the documents Travelers cites shows that none of the Policies expressly state that they were issued or delivered to Northeast in Massachusetts. While the policies may contain Northeast's Massachusetts addresses, that is insufficient to show the place of issuance or delivery. *See* Plaintiff's Provisional Objections and Responses to Defendant's Out-of-Time First Set of Requests for Admission, ##1-2 (denying requests to admit delivery and issuance due to insufficient knowledge), attached as Exhibit A.

2. Charter disputes Paragraph 9. Travelers cites a few communications between Northeast brokers and Travelers as evidence that "[a]ll of the Policies. . . were negotiated between brokers located in Massachusetts that were acting on Northeast's behalf, and Travelers C&S employees located in its Massachusetts offices." This correspondence does not evince where actual negotiation occurred, only that certain letters may have been mailed to and from Massachusetts. *See* Plaintiff's Provisional Objections and Responses to Defendant's Out-of-Time First Set of Requests for Admission, #3 (noting that negotiations may have occurred via telephone or in person), attached as Exhibit A.
3. Charter further disputes Paragraph 9 to the extent it suggests that the standard form language of the policies at issue was the subject of "negotiations" and to the extent it suggests that no other persons in no other locations were involved in the placement of the policies addressed in Paragraph 9 (which does not address all of the policies at issue).
4. Charter disputes Paragraph 11 and Travelers's statement that "[t]he majority of risks for which Travelers provided coverage under the Policies were located in Massachusetts" to the extent that it implies that "majority of risks" is computed by adding up the sites covered by each policy. *See* Plaintiff's Provisional Objections and Responses to Defendant's Out-of-Time First Set of Requests for Admission, #8 (only risk at issue located in Rhode Island), attached as Exhibit A.
5. Charter disputes the characterization of the facts as set forth in Paragraphs 20-22 to the extent they purport to characterize Charter's or RIDEM's motivations or purposes in taking certain actions.
6. Charter disputes Paragraph 30. The basic remediation technology described in the GZA Plan was not the actual methodology used in light of subsequent changes to the

remediation protocol, such as the 1996 Regulations, the 1997 CRMC Assent, and 1997 RIDEM Order of Approval. *See* Affidavit of John Ross ("Ross Affidavit") ¶¶6-7.

7. Charter disputes Paragraph 31 as being misleading. While permissible TPH standards were made less stringent, other aspects of the 1996 regulations were not. Furthermore, the new TPH levels posed additional problems in terms of measuring samples and reaching an agreement as to permissible levels at different parts of the site. *See* Affidavit of Timothy O'Connor, P.E. ¶7; Ross Affidavit ¶6.
8. Charter disputes Paragraph 33. The "bulk" of Charter's clean-up activities were not complete in late 1998. Charter continued to undertake significant actions related to the remediation into 2002. *See* Ross Affidavit ¶¶4, 10.
9. Charter disputes Paragraph 36 to the extent it purports to be a material fact—Charter's alleged knowledge that it would incur millions of dollars in costs in 1992 is immaterial to Travelers's argument pertaining to the statute-of-limitations issue, and, if anything, shows Charter's position to be correct. *See* Charter Br. at 28, 38.
10. Charter disputes Paragraph 37 to the extent it purports to be a full accounting of defense and remediation expenses incurred by Charter during the relevant time period.
11. Charter disputes Paragraph 38 to the extent it purports to set forth a complete description of legal costs incurred by Charter.
12. Charter disputes Paragraph 40 to the extent it purports to characterize or summarize the December 1991 correspondence from Aetna to Charter; such correspondence speaks for itself.

13. Charter disputes Paragraph 41 to the extent it purports to summarize Charter's state of mind; Charter agrees that it undertook actions at the Site "on its own" in light of Travelers's refusal to participate.

CHARTER INTERNATIONAL OIL CORPORATION

Respectfully submitted by its attorneys:

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
neal.brendel@klgates.com
james.segerdahl@klgates.com
brian.saulnier@klgates.com

Dated: May 31, 2007

**CERTIFICATE OF SERVICE**

**To:**

John A. Nadas, Esq.
Kathleen Burdette Shields, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts, Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on May 31, 2007, a copy of the foregoing Plaintiff's Statement of Disputed Facts in Opposition to Defendant's Motion for Summary Judgment, and in Support of Plaintiff's Alternate Request for Certification was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

805318v1