# EXHIBIT
# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | Civil Action No. 06-324S |

**PLAINTIFF'S PROVISIONAL OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S OUT-OF-TIME FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and L.R. Cv 36, Plaintiff Charter International Oil Company ("Charter") serves the following provisional objections and responses to Defendant's Out-of-Time First Set of Requests for Admission ("Defendant's First Requests").

**GENERAL OBJECTIONS**

Each of the following General Objections is incorporated by reference into each Specific Objection and Response set forth by Charter below.

1. Charter objects to Defendant's First Requests on the grounds that the First Requests are untimely and void, as they were served in violation of the Court's November 17, 2006 Order establishing that discovery with respect to this phase of the litigation must be completed by March 1, 2007. As Defendant's First Requests were served several weeks too late for discovery to be completed in accordance with the Court's Order, Charter is under no obligation to respond to Defendant's First Requests. Charter submits these provisional responses

to Defendant's First Requests because Defendant Travelers has taken the position that the requests are timely and therefore Charter wishes to preserve the record in the unlikely event that Defendant's position on the timeliness issue is upheld. Charter does not waive its position that Defendant's First Requests are untimely and that Charter's provisional responses cannot be used by Travelers in this litigation in any way without Court permission to an expanded discovery schedule, to which Charter objects.

2. Charter objects generally to each of Defendant's First Requests, and to each definition and instruction contained in Defendant's First Requests, to the extent they can be construed to impose burdens upon Charter which are greater than or inconsistent with the Federal Rules of Civil Procedure, other applicable law, or the Court's November 17, 2006, Order limiting the scope of fact discovery to the issue of statute of limitations, including but not limited to Definition and Instruction No. 3.

3. Charter objects generally to each of Defendant's First Requests, and to each definition and instruction contained in Defendant's First Requests, to the extent they can be construed to require Charter to reveal information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other legally recognized privilege or immunity from disclosure. In responding to Defendant's First Requests, Charter relies upon, asserts, and does not waive each and every such privilege and immunity. Any disclosure of protected information is inadvertent and shall not be deemed a waiver of the privilege.

4. Charter objects generally to each of Defendant's First Requests to the extent they can be construed to seek admissions based on information which is not reasonably available to Charter or within its possession, custody, or control.

5. Charter objects generally to each of Defendant's First Requests to the extent they can be construed to seek admissions or information unrelated to Charter's claims at issue in this action and, in particular, to the extent they can be construed to seek admissions or information unrelated to the statute-of-limitations issue. Such requests are overly broad, unduly burdensome, oppressive, and neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and/or seek information outside the scope of the Court's November 17, 2006 Order. Charter's responses to Defendant's First Requests will be limited accordingly.

6. Charter objects generally to each of Defendant's First Requests to the extent they are unlimited in time and are thus overly broad.

7. Charter objects generally to each of Defendant's First Requests to the extent they can be construed to seek legal contentions and supporting facts which are not reasonably ascertainable or available at this stage of the litigation.

8. Charter objects generally to the definitions of "Charter", "Northeast", and "Pacific" as vague, ambiguous, unduly burdensome, and overly broad, to the extent that the definition purports to encompass entities other than Plaintiff Charter International Oil Company, or relevant predecessor or successor entities.

9. Charter objects generally to the definitions of "Charter", "Northeast", and "Pacific" to the extent that the definitions purport to include persons or entities other than Plaintiff Charter International Oil Company, or relevant predecessor or successor persons or entities, and to the extent that the definitions purport to include every individual that has ever served as a director, officer, employee, agent, attorney or other representative of Charter, irrespective of time, duties, and connection to matters at issue in this litigation. In responding to Defendant's First Requests, Charter will conduct reasonable inquiry.

10. Charter's objections and responses are based upon information and documentation presently available and specifically known to Charter. Charter has not yet completed its discovery and preparation for trial in this action and consequently reserves the right to amend, modify, or supplement its objections and responses as additional investigation and discovery warrants.

11. Charter objects to Requests Nos. 1-12 as being irrelevant, not reasonably calculated to lead to admissible information pertaining to the statute-of-limitations issue, and thus outside of the scope of Federal Rules of Civil Procedure 26(b)(1) and 36(a). Further, to the extent that those requests relate to Travelers's choice-of-law paradigm, Charter objects to the implication that Rhode Island courts consider the statute of limitations substantive and thus apply a "significant relationship" or other "interest-weighing" test to resolve a conflict between two states' statutes of limitation. Rhode Island state and federal courts apply the statute of limitation of the forum, thereby rendering such factors as the location of issuance, delivery, negotiation, and risks covered under the Policies irrelevant and not reasonably calculated to lead to admissible evidence on a limitations question. *See Pinkham v. Collyer Insulated Wire Co., Inc.*,

Civ. A. No. 92-0426B, 1994 WL 385375, at *4 (D.R.I. Mar. 22, 1994) (finding statute of limitations as being "procedural" under Rhode Island law).

12. Charter objects to Requests Nos. 1-12 to the extent they request information pertaining to missing policies, incomplete policies, policies not in Charter's possession, and complete policies not otherwise produced by Travelers to Charter pursuant to its discovery requests. All responses to those questions cover only the policies that Charter now has in its possession, and the term "Policies" herein shall mean the same.

13. In providing these objections and responses, Charter does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all objections as to competency, relevancy, materiality, authenticity, and admissibility of any information or documents, including but not limited to all information and documents identified herein; (b) all rights to object on any ground to the use in any subsequent proceedings, including trial of this or any other action, of any information or documents, including but not limited to information or documents provided herein; and (c) all rights to object on any ground to any further discovery requests.

## **SPECIFIC OBJECTIONS AND RESPONSES**

REQUEST NO. 1

Admit that each of the Policies was issued to Northeast at its Massachusetts address.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of

statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "issued" renders this request vague and ambiguous. As Travelers is aware, what constitutes issuance or the place of issuance of a policy is sometimes a matter of dispute in insurance coverage litigation and it is unclear here whether "issued" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that the Policies at issue in at least some cases have addresses on them, which addresses speak for themselves, and that Charter has insufficient information or knowledge at this time to enable it to either admit or deny the request further; thus, Charter denies this request.

REQUEST NO. 2

Admit that each of the Policies was delivered to Northeast at its Massachusetts address.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of

statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "delivered" renders this request vague and ambiguous. As Travelers is aware, what constitutes delivery or the place of delivery of a policy is sometimes a matter of dispute in insurance coverage litigation, and it is unclear here whether "delivered" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that the Policies at issue in at least some cases have addresses on them, which addresses speak for themselves; and that Charter has insufficient information or knowledge at this time to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 3

Admit that the negotiations relating to each of the Policies took place primarily in Massachusetts.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as

limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the words "negotiations" and "primarily" render this request vague and ambiguous. The Policies at issue include standard form insurer language that is not the subject of negotiation. To the extent any forms of "negotiation" may have occurred, they may have occurred by telephone, via the exchange of correspondence, or during in-person meetings. Further, whether negotiations "primarily" took place in one location as opposed to any others cannot be truthfully admitted or denied without knowing the basis upon which Travelers makes the request. For example, the basis for determining an answer to this request could be based upon, among other things: (i) an aggregate number of contacts with the location from which telephone calls were made or letters were sent; (ii) an aggregate number of contacts with the location to which telephone calls were made or letters were sent; (iii) the place where the most meetings were held; or (iv) the location where the most important decisions were made. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that it has insufficient information or knowledge at this time to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 4

Admit that brokers located in Massachusetts were involved in the negotiation of each of the Policies.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Further, the Policies at issue include standard form insurer language that is not the subject of negotiation. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue.

Subject to and without waiving the foregoing objections, Charter provisionally responds that, upon information and belief, Whilden & Associates, located in Jacksonville, Florida, was involved in placing at least some of the Policies at issue and that it has insufficient information or knowledge at this time to enable it to either admit or deny the extent to which any involved brokers were involved in "negotiations" regarding the Policies at issue; thus, Charter denies this request.

REQUEST NO. 5

Admit that at the time of each of the policies was issued, Northeast was a Massachusetts corporation.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "issued" renders this request vague and ambiguous. As Travelers is aware, what constitutes issuance or the place of issuance of a policy is sometimes a matter of dispute in insurance coverage litigation and it is unclear here whether "issued" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, provisionally admitted.

REQUEST NO. 6

Admit that at the time of each of the Policies was issued, Northeast's principal place of business was in Massachusetts.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as

limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "issued" renders this request vague and ambiguous. As Travelers is aware, what constitutes issuance or the place of issuance of a policy is sometimes a matter of dispute in insurance coverage litigation and it is unclear here whether "issued" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that the Policies at issue in at least some cases have addresses on them, which addresses speak for themselves; and that Charter has insufficient information or knowledge at this time to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 7

Admit that to the extent Northeast paid premiums for each of the Policies, those payments were made from Northeast's offices in Massachusetts.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies. Thus, to the extent that Northeast paid premiums, the parties have taken no discovery regarding the locations from which Northeast may have paid such premiums.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that it has insufficient information or knowledge at this time to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 8

Admit that the majority of risks insured under each of the Policies were located in Massachusetts.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as

limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the phrase "majority of risks" renders this request vague, ambiguous and virtually impossible to truthfully admit or deny without knowing the basis upon which Travelers makes the request. At least some of the policies cover "worldwide risks" arising "anywhere in the world." Moreover, Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter provisionally responds that the risk at issue in this coverage litigation is based in Rhode Island; thus, Charter denies this request.

REQUEST NO. 9

Admit that none of the Policies was issued to Northeast in Rhode Island.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information

related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "issued" renders this request vague and ambiguous. As Travelers is aware, what constitutes issuance or the place of issuance of a policy is sometimes a matter of dispute in insurance coverage litigation and it is unclear here whether "issued" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any significant policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that the Policies were issued to cover the insured with respect to risks located anywhere, including Rhode Island or Massachusetts, that it has insufficient information or knowledge at this time regarding Travelers's operations and locations to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 10

Admit that none of the Policies was delivered to Northeast in Rhode Island.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information

related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "delivered" renders this request vague and ambiguous. As Travelers is aware, what constitutes delivery or the place of delivery of a policy is sometimes a matter of dispute in insurance coverage litigation, and it is unclear here whether "delivered" in this context refers to actions by Travelers, the insured, or others. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that it has insufficient information or knowledge at this time as to Travelers's locations and operations to enable it to either admit or deny the request; thus, Charter denies this request in its entirety.

REQUEST NO. 11

Admit that none of the negotiations relating to each of the Polices took place in Rhode Island.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information

related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the word "negotiations" renders this request vague and ambiguous. The Policies at issue include standard form insurer language that is not the subject of negotiation. To the extent any forms of "negotiation" may have occurred, they may have occurred by telephone, via the exchange of correspondence, or during in-person meetings. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful policy-related discovery, with the exception of the parties' respective productions of some of the policies.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds that it has insufficient information or knowledge at this time to enable it to either admit or deny the request; thus, Charter denies this request.

REQUEST NO. 12

Admit that the majority of the claims made under each of the Policies arose from alleged property damage, bodily injury, automobile accidents, or workers compensation claims in Massachusetts.

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request because it appears to seek information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. More specifically, this request appears to seek information

related to choice of law discovery regarding which state's law may govern the substantive coverage issues under the policies at issue in this case. As such, this request is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence regarding the statute of limitations. Charter further specifically objects to this request on the ground that the phrase "majority of the claims" renders this request unduly burdensome. There has been no comprehensive claims discovery in this matter, and it is unreasonable now to request that Charter attempt to quantify and categorize the claims made over thirty years of comprehensive general liability insurance coverage. Indeed, upon information and belief, Charter does not even possess claims data for the over thirty years of claims that may have been made under the policies at issue in this action. Furthermore, Charter specifically objects to this request to the extent it seeks information regarding claims that would have been covered under lines of insurance other than those lines of insurance provided under the comprehensive general liability insurance policies at issue in this action. Charter also specifically objects to this request on the ground that it is premature. Discovery in this matter has been limited to the statute of limitations issue. As such, the parties have not yet conducted any meaningful claims-related discovery, with the exception of Travelers's production of its claim file for the underlying claim at issue in this action.

Subject to and without waiving the foregoing objections, Charter, upon reasonable inquiry, provisionally responds the only claim at issue concerns property damage in Rhode Island, that it has at this time insufficient information or knowledge to enable it to further respond; thus, Charter denies this request.

REQUEST NO. 13

Admit that each of the documents in the Bates ranges listed below [on page 5 of Travelers's initial request and not reproduced herein] that was produced by Charter during

discovery in this case is a business record of Charter, which was made at or near the date reflected on the document by someone with knowledge of its contents and which Charter kept in the ordinary course of its business according to its regular practice, and that Charter will not contest the admissibility of each of the documents listed below under Fed. R. Evid. 803(6).

**RESPONSE**

In addition to Charter's General Objections, Charter specifically objects to this request to the extent it relates to documents unrelated to the statute of limitations issue and therefore seeks information currently outside the scope of permissible discovery, as limited by the Court's November 17, 2006 Order permitting fact discovery solely on the issue of statute of limitations at this time. Charter further specifically objects to this request on the ground that it is a request for Charter to waive an evidentiary objection and thus falls outside of the scope of Rule 36 of the Federal Rules of Civil Procedure. Charter also objects to this request on the ground that it is vexatious and unduly burdensome, because it requires Charter to locate the custodians of several thousands of pages of documents who possess personal knowledge of the contents of the documents and can determine whether they are business records. Charter further objects to this request on the ground that it is unaware of the matters for which Travelers will offer each of these documents as evidence, such that it currently impossible for Charter to know which of the statements contained in those documents will be used to prove the truth of yet-to-be asserted matters. Thus, it is unreasonable, vexatious and unduly burdensome to require Charter to request that Charter go through thousands of documents to make uninformed guesses as to what statements might be used by Travelers as evidence of the truth of the matter asserted. Moreover, it is premature for Charter to agree that an exception to the hearsay rule applies without knowing whether the documents would even be considered hearsay.

Subject to and without waiving the foregoing objections, Charter provisionally responds that the documents identified in this request were produced by Charter as part of its initial disclosures and/or as part of its response to document discovery requests and, as such, those documents were located within Charter's business files, and that upon reasonable inquiry, Charter has insufficient information or knowledge at this time regarding which statements or matters from among the thousands of pages of those documents Travelers intends to offer as evidence of the truth of a matter, whether the documents and the statements therein qualify as hearsay, and whether those documents constitute "business records" as that term is defined under Federal Rule of Evidence 803; thus, Charter denies this request to the extent it improperly and prematurely asks Charter to waive its potential evidentiary objections at this time.

Subject to and without waiving the foregoing objections, Charter further provisionally responds that, upon reasonable inquiry, it has insufficient information or knowledge at this time to enable it to either admit or deny whether those documents were made at or near the date reflected on the documents by someone with knowledge of their contents, and thus denies this request in that regard.

Subject to and without waiving the foregoing objections, Charter further provisionally responds that it has no obligation to waive its ability to contest the admissibility of each of the documents, and thus denies this request in that regard.

CHARTER INTERNATIONAL OIL
COMPANY

_______________________________
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
neal.brendel@klgates.com
james.segerdahl@klgates.com
brian.saulnier@klgates.com

Dated: March19, 2007

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2007, I served the foregoing by e-mail on all counsel of record and by First Class U.S. Mail on the following counsel:

Kathleen Burdette Shields
John Nadas
Choate Hall & Stewart
Two International Place
Boston, MA 02110

R. Kelly Sheridan
Jason Preciphs
Roberts, Carroll, Felstein & Peirce
10 Weybosset Street
Providence, RI 02903

Brian F. Saulnier