**IN THE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | CIVIL ACTION NO. 06-324 S |

**AFFIDAVIT OF JOHN ROSS IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S ALTERNATE REQUEST FOR CERTIFICATION**

I, John Ross, affirm and declare as follows:

1. I served as Vice President, Secretary, or Assistant Secretary and/or Counsel for Charter International Oil Company—including its various predecessor companies—from approximately 1981 through approximately 2001. I continued to work for Charger thereafter as a consultant or outside counsel. Part of my job responsibilities with Charter was overseeing Charter's environmental remediation of the Tiverton, Rhode Island site at issue in this case and maintaining all of Charter's files relating thereto. I, therefore, have personal knowledge of many aspects of the remediation and the history of the site. I have personal knowledge of all the statements in this affidavit and could competently testify on such statements if called as a witness.

2. After assuming responsibility for Charter's Tiverton-related files, I developed knowledge that RIDEM was concerned with possible groundwater damage arising from past

activities at the site. In December 1985, RIDEM issued a demand letter to Charter pursuant to its statutory authority (the "Underlying Action"), requiring Charter to submit a plan for testing the site. A true and correct copy of such letter is attached to this affidavit as Exhibit 1.

3. Charter undertook to defend the Underlying Action, without the assistance of its insurer, Travelers. Charter retained environmental consultants and counsel and began testing of the site.

4. The relevant work plan specified that testing and remediation would be complete by 1995. The actual sampling, remediation, and related regulatory requirements, however, were not completed until 2002. This was because of the many issues that arose in the course of Charter's defense of the Underlying Action and in the course of the remediation. A true and correct copy of the work plan—"GZA Remedial Work Plan (Revision 2)"—is attached to this affidavit as Exhibit 2.

5. In 1992, Charter and RIDEM entered into a Consent Agreement that established the broad parameters for the remediation. Charter understood the Agreement to be a framework or guideline from which to conduct the remediation and to establish the parties' expectations. At the time the Consent Agreement was executed, all reports of contamination at the site and all investigations were not complete. A true and correct copy of the Consent Agreement is attached to this affidavit as Exhibit 3.

6. In 1996, RIDEM adopted new regulations, which altered remediation requirements in Rhode Island under various circumstances. By the end of 1995 it appeared that Charter would not be able to meet the standards of the Consent Agreement using bioremediation.

The permissible levels of TPH were raised with the new regulations, however, which allowed Charter to clean up the site continuing to use bioremediation, rather than other, potentially more costly, methods. RIDEM and Charter engaged in significant negotiations as to how the new TPH levels would be applied to the site. Further, the 1996 regulations imposed a new method of compliance sampling—testing based on meeting an average of samples—which led to significant negotiations regarding their application to the site. A true and correct copy of the relevant 1996 Regulations is attached to this affidavit as Exhibit 4.

7. In 1997, RIDEM altered the remediation protocol for the shore area, in essence requiring Charter to remediate the soil near the shore ex-situ, rather than in-situ. This was a significant departure from what the parties had contemplated in 1992 and 1993 and was more expensive for Charter. True and correct copies of the 1997 RIDEM Order of Approval and October 29, 1997, RIDEM summary letter, which memorialize the new shore remediation, are attached as Exhibits 5 and 6 respectively.

8. The remediation of the site required interaction with many different government agencies, oftentimes simultaneously, such as RIDEM, RIDOT, U.S. Army Corps of Engineers (ACOE), and Rhode Island Coastal Resources Management Council (CRMC).

9. As part of its ongoing post-1992 defense, Charter sought contribution from other potentially responsible parties, such as ARCO, the United States government, and Texaco.

10. By 1999, site closure issues remained and were discussed thereafter, with Charter not submitting to RIDEM various final remediation documents, such as ELURs and a risk

assessment, until into 2002. A true and correct copy of the June 2001 Closure Report, which evidences some of the later outstanding issues, is attached to this affidavit as Exhibit 7.

11. The Letter of Compliance was executed in May 2002 thereby terminating the Underlying Action. Up until that time, the remediation remained uncertain and subject to change as Charter continued its defense. A true and correct copy of the Letter of Compliance is attached to this affidavit as Exhibit 8.

12. The Letter of Compliance detailed the various key documents of the remediation. Generally, the remediation of the site was well-documented and can be discerned from the documents listed in the Letter of Compliance, as well as other relevant correspondence, including without limitation, Exhibit 6 above, that still exists today.

I declare under the penalty of perjury under the laws of the State of Florida that the above is true and correct.

May 30, 2007
Date

John Ross

County of Duval
State of Florida

The foregoing instrument was acknowledged before me this 30th day of May, 2007 by John Ross, who is personally known to me.

Lucy M. Tittemore
Notary Public

LUCY M. TITTEMORE
Commission DD 672554
Expires May 10, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

## CERTIFICATE OF SERVICE

**TO:**

John A. Nadas, Esq.
Kathleen Burdette Shields, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts, Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on May 31, 2007, a copy of the foregoing Affidavit of John Ross of was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)