# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY, Plaintiff, v. TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY), Defendant. | Civil Action No. 06-324 - S |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**<u>FIRST SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Fed. R. Civ. P. 36 and L.R. Civ. P. 36, defendant Travelers Casualty and Surety Company ("Travelers C&S"), by and through its counsel, provides the following objections and responses to Plaintiff's First Set of Requests for Admission (hereinafter, the "Request"):

## GENERAL OBJECTIONS

Each of the following General Objections is incorporated by reference into each Specific Objection and Response set forth by Travelers C&S below.

1. Travelers C&S objects generally to the Request, and to each definition and instruction contained in the Request, to the extent it can be construed to impose burdens upon Travelers C&S which are greater than or inconsistent with the Federal Rules of Civil Procedure or other applicable law.

2. Travelers C&S objects generally to the Request, and to each definition and instruction contained in the Request, to the extent it can be construed to require Travelers

C&S to provide information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other legally recognized privilege or immunity from production. In responding to the Request, Travelers C&S relies upon, asserts, and does not waive each and every such privilege and immunity. Any production or disclosure of protected information is inadvertent and shall not be deemed a waiver of the privilege.

3. Travelers C&S objects generally to the Request to the extent it can be construed to seek information that is not reasonably available to Travelers C&S or within its possession, custody, or control.

4. Travelers C&S objects generally to the Request to the extent it can be construed to seek information that already is in the possession of Charter, its agents, counsel, brokers, or other representatives, or which is equally available to Charter as to Travelers C&S.

5. Travelers C&S objects generally to the Request to the extent it can be construed to seek information concerning insurance policies other than the Travelers C&S liability policies that were issued to Northeast Equities, Inc. or Northeast Petroleum Industries, Inc., or concerning insurance policies other than The Travelers Indemnity Company liability policy issued to Charter International Oil Company. Such a Request is overly broad, unduly burdensome, oppressive, and neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Travelers C&S's response to the Request will be limited to the Travelers C&S policies that are at issue in this action.

6. Travelers C&S objects generally to the Request to the extent it can be construed to seek legal contentions and supporting facts which are not reasonably ascertainable or available at this stage of the litigation.

7. Travelers C&S objects generally to the definition of "Insurance Policies" because it is vague, ambiguous and overbroad.

8. Travelers C&S's response and objections are based upon information and documentation presently available and specifically known to Travelers C&S. Travelers C&S has not yet completed its discovery and preparation for trial in this action and consequently reserves the right to amend, modify, or supplement its objections and response as additional investigation and discovery warrants.

9. In providing these responses, Travelers C&S does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all objections as to competency, relevancy, materiality, authenticity, and admissibility of any information or documents, including but not limited to all information and documents identified herein; (b) all rights to object on any ground to the use in any subsequent proceedings, including trial of this or any other action, of any information or documents, including but not limited to information or documents provided herein; and (c) all rights to object on any ground to any further discovery requests.

## <u>REQUESTS FOR ADMISSION</u>

**<u>REQUEST NO. 1:</u>**

Admit that the Insurance Policies contain a "no-action clause," with language identical or in a similar form to the following: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of

the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

**RESPONSE TO REQUEST NO. 1:**

Travelers C&S objects to this Request to the extent that its use of the terms "Insurance Policies" and "similar" are vague and ambiguous, and to the extent that the Request seeks information that is not reasonably related to, nor likely to lead to, relevant and admissible evidence. Subject to and without waiver of the foregoing objections, Travelers C&S admits that the following policies:

| Policy Number |
|---|
| 12 AL 132463 SR |
| 12 AL 800006 SR |
| 06 AL 133536 SRA |
| 06 AL 133565 SRA |
| 06 AL 230002 SRA |
| 06 AL 230024 SRA |
| 06 GL 1 SRA |
| 06 GL 1447 SRA |
| 06 GL 1468 SRA |
| 06 GL 1489 SRA |
| 35 GL 278404 SRA |
| 35 GL 278405 SRA |
| T-NSL-951040-70 |

contain the following language: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement

shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or its legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

Further answering, Travelers C&S admits that policy number 12 AL 2251 contains the following language: "Action Against Company—No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder."

Travelers C&S is without information sufficient to admit or deny whether the following policies:

| **Policy Number** |
|---|
| 12 AL 2128 |
| 12 AL 1330 SRA |
| 12 AL 1650 SRA |

| |
|---|
| 12 AL 1883 SRA |
| 12 AL 800006 SRA |
| 01 AL 80006 SRA |
| 06 AL 133505 SRA |
| 06 GL 22 SRA |

contain language similar or identical to the language quoted in Request for Admission No. 1, and therefore deny the Request with respect to those policies.

Dated: February 26, 2007

TRAVELERS CASUALTY AND
SURETY COMPANY

By Its Counsel,

Kathleen Shields

John A. Nadas (admitted *pro hac vice*)
Kathleen Burdette Shields (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000 (P)
(617) 248-4000 (F)

R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

## CERTIFICATION OF SERVICE

I hereby certify that on February 26, 2007, a copy of the foregoing Defendants' Response to Plaintiff's First Set of Requests for Admission was served by electronic mail and by regular mail on all counsel of record.

Kathleen Shields
Kathleen Burdette Shields