# EXHIBIT U

[redacted]

*Vanasse Hangen Brustlin, Inc.*

Transportation
Land Development
Environmental Services

VHB

530 Broadway
Providence, Rhode Island 02909
401 272-8100
FAX 401 273-9694

**FAX Transmittal**

| | | | |
|---|---|---|---|
| Deliver To: | John Ross, Spelling | From: | Timothy O'Connor |
| | | VHB Project No.: | 70760 |
| | | FAX No.: | (904) 281-9148 |

| | |
|---|---|
| Total Number of Pages (Including Transmittal Form) | 4 |
| Original of Telecopy Message | Will not be sent |
| Date and Time: | July 13, 2000 |

John

Attached is the draft memo requested by Arthur Casey.

Please call me with your comments.

Tim

\\RI-DATA\projects\70760\Docs\MEMOS\071300_Ross Fax

Transportation
Land Development
Environmental
Services

VHB *Vanasse Hangen Brustlin, Inc.*

530 Broadway
Providence, Rhode Island 02909
401 272-8100
FAX 401 273-9694

**Memorandum**

To: Arthur Casey
Starwood

Date: July 11, 2000

Project No.: 70760

From: Timothy O'Connor, PE

Re: Site Drainage Structures
Former Northeast Petroleum Terminal
Tiverton, Rhode Island

---

I am writing to follow-up our conversation of today regarding how your consultants should reference the swales, detention ponds and associated structures constructed as part of the Site Closure Plan and documentation as to why it is VHB's opinion that these structures are not regulated under the State of Rhode Island Coastal Resources Management Council (CRMC) Rules and Regulations Governing the Protection and Management of Freshwater Wetlands in the Vicinity of the Coast.

Firstly, with regard to a referencing process, in the near future VHB (on behalf of the Charter International Oil Company) will be submitting a revised Application for a Category A Assent for the Site Closure Plan. The plan set which is part of this submittal, is an "as-built" representation of the former Northeast Petroleum Terminal (the Site) and the Closure Plan with several limitations specified in the document. We recommend that your consultant utilize the VHB submittal as a reference in their submittal and utilize the names of the VHB drainage structures as points of reference.

Secondly, it is VHB's opinion that the swales, detention ponds and associated structures are included in the definition of a Detention Facility as defined in the above listed Regulations. This definition is as follows:

***Detention Facility*** *means a basin, depression, or other manmade structure excavated, constructed, or installed to intercept and temporarily store surface runoff and release the stored water at a controlled rate.*

Furthermore it is our opinion that the structural methods employed at the Site as part of the Site Closure Plan are consistent with the "Proposed Measures to Reduce Impact" listed in the Regulations and the Rhode Island Soil Erosion and Sediment Control Handbook.

Thirdly, VHB has considerable experience in this subject area and I have attached a recent letter from the CRMC which is consistent with the above opinion regarding the regulation of a detention basin.

I caution you that environmental regulations seldom speak as to what is not regulated and generally limit their definitions to what is regulated. Accordingly there is no one citation that VHB can reference to make this matter more clear and I encourage you to keep the lines of communication open between your consultants, Charter and VHB so as to allow for your submittal to be consistent with Charter and VHB's approach to this regulatory matter.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

COASTAL RESOURCES MANAGEMENT COUNCIL

Oliver H. Stedman Government Center
4808 Tower Hill Road, Suite 3
Wakefield, R.I. 02879-1900

(401) 783-3370
FAX: (401) 783-3767

March 21, 2000

Robert Gaudreau
Salt Pond Shopping Center, LLC
4 Cathedral Square Suite 1G
Providence RI 02903

RE: CRMC File No. 00-1-64; Request to Verify Wetland Edge; Salt Pond Plaza, Point Judith Road, AP W, Lot 90

Dear Mr Gaudreau:

Kindly be advised that the CRMC has completed its review of your **Request to Verify the Delineated Edge of Freshwater Wetlands**. This review included an inspection of the property ("subject property") referenced above and as described by site plans submitted with your application. Wetland edges inspected are referenced as: W/F 1-1 through W/F 1-18; W/F 2-1 through W/F 2-7 and W/F 3-1 through W/F 3-8.

Based upon the CRMC's observations and review, it is our determination that freshwater wetlands are present on or are in close proximity to the subject property. These freshwater wetlands are regulated by the CRMC and include at least the following types: **forested wetland, detention facility, area subject to storm flowage.**

The CRMC has completed an inspection and review of the wetland edge(s) delineated by you on-site. It is our determination that those wetland edge(s) delineated on-site are only partially accurate. Corrections and/or modifications to the delineated edge are required (should further applications be submitted) which include the following:

1. Flag series W/F 3 does not meet the criteria of wetland according to current regulations. This small depression area does not fall under the jurisdiction of the Freshwater Wetlands in the Vicinity of the Coast program.

2. Flag series W/F 1 is classified as a detention facility, and does not fall under the jurisdiction of the Freshwater Wetlands in the Vicinity of the Coast program.

Robert Gaudreau
March 21, 2000
Page Two

3. Please be aware that an Area Subject to Storm Flow (ASSF) is located immediately northeast of the wetland series W/F 2. This ASSF may be partially located off the subject property.

Please note that our inspection of the subject property has revealed the presence of other freshwater wetlands not specifically delineated by you. Therefore, you should not infer that any verification of wetland edge(s) carried out by the CRMC to date represents a determination that this is the extent of all wetlands on your property. **The CRMC has verified only those edges delineated and shown by you on-site and on site plans submitted with your application and as qualified in this letter.** Should you wish to verify the edge of these additional wetlands, an additional application will be required.

**This letter <u>does not</u> constitute an approval or permit for any proposed project on the subject property. Pursuant to the Rules and Regulations Governing the Management and Protection of Freshwater Wetlands in the Vicinity of the Coast (Rules) a permit is required from this program prior to the commencement of any activity which impacts or alters freshwater wetlands.**

In addition, you should note that freshwater wetlands are present on this property which may be regulated under Section 404 of the Clean Water Act (Federal Water Pollution Control Act, as amended 33 U.S.C. 1344). Accordingly, a permit may be required from the U.S. Army Corps of Engineers for alteration of these wetland areas. Any federal permit required is separate and distinct from any state permit issued from the CRMC.

In accordance with Rule 9.02(F) of the Rules, this determination of the presence of wetlands is valid for a limited period of three (3) years from the date of issuance.

Please contact this office at 783-3370 should you have any questions regarding this letter.

Sincerely,

[signature]

Grover J. Fugate, Executive Director
Coastal Resources Management Council

GJF/lam

cc: Jeffery Peterson; Vanasse Hangen Brustlin Inc.