**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | Civil Action No. 06-324 S |

**MOTION FOR CLARIFICATION**
**OF THE COURT'S JUNE 9, 2008 DECISION AND ORDER**

Defendant Travelers Casualty and Surety Company ("Travelers C&S") hereby requests clarification of the Court's Decision and Order that was entered on June 9, 2008 (the "Order") to confirm that Charter International Oil Company ("Charter") has withdrawn and may no longer pursue its claim that Travelers C&S allegedly breached its duty to defend Charter in connection with the Tiverton Site.

On June 15, 2006, Charter filed a breach of contract action against Travelers C&S. Charter subsequently sought leave from the Court to amend its Complaint, and on April 30, 2007, filed the First Amended Complaint ("Amended Complaint"). The Amended Complaint alleges that Travelers C&S breached its insurance contracts by refusing to defend, and by refusing to indemnify, Charter for expenses allegedly incurred in connection with environmental remediation at the Tiverton Site, a former petroleum storage and distribution terminal. *See* Amended Compl. ¶3.

On its face, the Amended Complaint includes claims against Travelers C&S both for its alleged breach of the duty to indemnify and for its alleged breach of the duty to defend. Count I of the Amended Complaint sets forth the following claims:

- "Travelers, as Aetna's successor-in-interest, is *obligated under the Policies to defend* and indemnify Charter," *id.* at ¶38 (emphasis added);
- "Aetna *wrongfully failed to participate in defense* and remediation activities related to the Underlying Environmental Action," *id.* at ¶42 (emphasis added);
- Travelers C&S "wrongfully *failed to reimburse Charter for its defense* and indemnity costs," *id.* at ¶42 (emphasis added); and
- Travelers C&S "breached it obligations under the Policies by *failing to defend* and indemnity Charter." *Id.* at ¶43 (emphasis added).

In April 2007, Travelers C&S filed a motion for summary judgment seeking a ruling that all of Charter's claims -- whether relating to defense *or* indemnity obligations Travelers C&S allegedly owes Charter under the relevant policies -- are barred by the applicable statute of limitations. Following extensive briefing and oral argument on this issue, the Order denied Travelers C&S's motion.

The Order clearly recognizes that Charter's focus, throughout briefing and oral argument on Travelers C&S's summary judgment motion, was its duty to indemnify claim. As the Order states:

> By Charter's own admission, what presently is before the Court is an indemnity claim. . . . Charter's Amended Complaint claims that Travelers breached the Policies 'by refusing and/or failing to defend and/or indemnify Charter with respect to claims relating to a former petroleum storage terminal located in Tiverton, Rhode Island.' (Emphasis added.) However, at oral argument, Charter's counsel repeatedly clarified that Charter's claim seeks indemnity. See, e.g., Hrg. Tr., Sept. 6, 2007, at 27:16, 29:1-09, 30:11.

Order at 7, n.4. Indeed, Charter's counsel effectively withdrew its defense claim on the record. *See* Order at 7 n.4 ("at oral argument, Charter's counsel repeatedly clarified that Charter's claim

seeks indemnity"); Hrg. Tr., Sept. 6, 2007, at 27:16 ("This is an indemnity claim."); 29:1-9 (discussion of the accrual date for "an indemnity claim in the insurance context"); 30:11 ("this dispute involves the determination of the trigger date or the accrual date for the statute of limitations in the area of an indemnity claim in the context of an environmental insurance claim"). Because Charter withdrew its duty to defend claim, the Order proceeds only to address the statute of limitations argument with respect to Charter's duty to indemnify claim. *See* Order at 9 ("the motion before the Court turns on a relatively narrow threshold issue: whether the language of the Policies themselves extends the time in which Charter may bring an *indemnity claim* against Travelers"); *id.* at 12-13 (answering the question of whether the statute of limitations period began to run "with respect to Charter's *indemnity claim*"); *id.* at 17-18 ("the Court finds that the no action clause in the Policies prevented accrual of Charter's *indemnity action*") (emphasis added in all).

The Order does not analyze whether the statute of limitations permitted Charter to maintain its duty to defend claim. More fundamentally, the Order's extensive analysis concerning whether Charter's indemnity claim is time-barred, including its discussion of the case law concerning no action clauses, is premised in part on a distinction between the clause's effect on duty to defend and duty to indemnify claims. *See* Order at 15-17 (citing cases to effect that notwithstanding a no-action clause, a cause of action for breach of duty to defend arose at the time of the breach); *Cardin v. Pac. Employers Ins. Co.*, 745 F. Supp. 330, 333-35 (D. Md. 1990) (finding that, despite the presence of a no-action clause, a cause of action for breach of the duty to defend arose on the date the insurer refused to pay defense expenses). These cases compel the conclusion that Charter's duty to defend claim, even if it were not withdrawn, was time barred when Charter filed this suit.

Travelers C&S is concerned that, despite these clear statements in the Order, Charter may later, and inequitably, attempt to have it both ways, giving up its duty to defend claim for purposes of summary judgment, and then attempting to pursue that claim in the second phase of discovery and at trial. It is important that Travelers C&S obtain clarification that its reading of the Order is correct because the absence of the duty to defend claim in this case will affect the second phase of fact discovery, the scope of expert discovery, and the scope of the trial. In reliance on Charter's withdrawal of its defense claim and the Court's Order, there are a number of issues about which Travelers C&S is not planning to take discovery as a result of the removal of the duty to defend claim from this action. If Charter were permitted to reinsert that claim into the case at some later stage, however, Travelers C&S would be irreparably harmed by foregoing the opportunity to take necessary discovery.

If Charter opposes this motion, or if the Court is inclined to deny Travelers C&S's request for clarification and to permit Charter to continue to assert a duty to defend claim, Travelers C&S respectfully requests an opportunity to be heard on this matter. While Travelers C&S respectfully disagrees with the Order's ruling that the statute of limitations on Charter's duty to indemnify claim is effectively tolled by the policies' no action clauses, the Order's rationale for that decision does not support the further conclusion that the no action clause extended the time for Charter to pursue its duty to defend claim. Accordingly, should the Court be inclined to deny this motion, Travelers C&S requests the opportunity to brief further this narrow issue of the interaction of the no action clause and the duty to defend claim.

## CONCLUSION

For the reasons set forth herein, Travelers C&S respectfully requests that the Court clarify its Order of June 9, 2008 to provide expressly what it now states implicitly – that Charter's duty to defend claim against Travelers C&S is no longer at issue in this case.

TRAVELERS CASUALTY AND
SURETY COMPANY,

By its attorneys,

/s/ Jason C. Preciphs
R. Kelly Sheridan (#1976)
Jason C. Preciphs (#6727)
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
Ph: (401) 521-7000
Fax: (401) 521-1328

John A. Nadas (pro hac vice)
Kathleen Burdette Shields (pro hac vice)
Christopher R. Blazejewski (#7549)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Ph: (617) 248-5000
Fax: (617) 248-4000

Dated: June 23, 2008

## CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of June, 2008 a copy of the within motion was filed electronically through the CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

**Robin-Lee Main**
Hinckley Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903-0819
rmain@haslaw.com

**Gerald J. Petros**
Hinckley, Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
gpetros@haslaw.com

**Anna M. Piazza**
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
apiazza@haslaw.com

In addition, service of the within document by First-Class Mail, postage prepaid, has been made upon the following counsel of record who are not registered ECF participants identified on the Notice of Electronic Filing:

Brian F. Saulnier
James R. Segerdahl
Neal R. Brendel
Kirkpatrick & Lockhart Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

/s/ Jason C. Preciphs