**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | CIVIL ACTION NO. 06-324 S |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION OF COURT'S JUNE 9, 2008 DECISION AND ORDER**

Plaintiff, Charter International Oil Company ("Charter"), hereby objects to the Motion for Clarification of Court's June 9, 2008 Decision and Order filed by Defendant, Travelers Casualty and Surety Company. In support of its opposition, Charter submits and relies upon the accompanying memorandum of law.

CHARTER INTERNATIONAL OIL
CORPORATION

Respectfully submitted by its attorneys:

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
K&L GATES LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
neal.brendel@klgates.com
james.segerdahl@klgates.com
brian.saulnier@klgates.com

Dated: July 9, 2008

**CERTIFICATE OF SERVICE**

**To:**

John A. Nadas, Esq.
Kathleen Burdette Shields, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on July 9, 2008, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion For Clarification of Court's June 9, 2008 Decision and Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

910407 (43914-77607)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARTER INTERNATIONAL OIL COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),<br><br>Defendant. | ) | CIVIL ACTION NO. 06-324 S |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION OF COURT'S JUNE 9, 2008 DECISION AND ORDER**

## INTRODUCTION

The Court's decision clearly rejects Travelers's limitations defense and does not require clarification. By its motion, Travelers does not in actuality seek "clarification," but instead seeks to snatch victory from defeat by misapplying some discrete language in the Court's decision with the goal of reducing its indemnity exposure. As discussed below, Travelers's motion fails because: (1) Charter did not waive its right to seek indemnity for defense costs; (2) Charter does not seek in this action to compel Travelers to defend—the underlying action is over; and (3) the Court properly observed that decisions holding that a "no-action clause" does not preclude an insured from filing an action against the insurer to compel a defense are inapposite here. The Court should deny Travelers's motion for "clarification."

## ARGUMENT

Travelers's motion for "clarification" misapprehends this Court's recent decision denying its motion for summary judgment. *See Charter Intern. Oil Co. v. Travelers Cas. and Sur. Co.*, --F. Supp. 2d--, 2008 WL 2340395 (D.R.I. 2008) ("Decision"). As a result of Travelers's breach

of its insurance contracts, Charter seeks indemnification for the remediation expenses, legal fees, and costs it incurred in defending and resolving the underlying environmental action. As this Court clearly understood and as Charter's counsel clarified at oral argument, Charter's claim is premised not on a declaratory request for a defense, but instead on a claim for damages. In other words, the underlying action is over; Charter does not ask Travelers to provide it with a defense. Instead, Charter seeks indemnification for its past remediation and defense costs—which is fundamentally a claim for indemnity.

Though cryptic in its request for relief and its justification for "clarification," the import of Travelers's motion for "clarification" is clear—to evade its obligation to pay Charter's defense costs by suggesting waiver and relying on a select, out-of-context passage in the Decision. Neither of Travelers's arguments is well-taken.

First, Charter did not waive its right to seek indemnity for defense costs, and nothing in the record suggests otherwise. Charter does not quibble over what was stated during oral argument, in its summary judgment briefs, the Amended Complaint, or by the Court in its Decision. The record is clear; at no point has Charter disclaimed a right to recover defense costs incurred in the underlying environmental action.[1]

Second, contrary to Travelers's claim, the Court's Decision does not depend on Charter abandoning its claim to defense costs. The Court discussed the duty-to-defend case law in the latter part of the Decision to make two related points: (1) to distinguish *John Beaudette, Inc. v. Sentry Ins. A Mut. Co*., 94 F.Supp.2d 77 (D. Mass.1999); and (2) to note that an insurer cannot use a no-action clause as a "shield" to disavow a claim seeking a declaration to defend or defense costs. *See* Decision, 2008 WL 2340395, at *5-6. As is clear from the Decision, the duty-to-

[1] Indeed, during Phase I discovery Charter produced documents concerning defense costs. If Charter had elected to waive its claim to defense costs, it would not have produced those documents.

defend cases like *John Beaudette* are inapposite since they concern whether a no-action clause precludes an insured from bringing a declaratory judgment action, and not, as in this case, whether the no-action clause triggers the statute of limitations. Put differently, in the context of policies containing no-action clauses, these cases ask the question, "what happens when an insured files its action before final judgment?" not the question at issue here, "what happens when an insured files its action after final judgment?"

Nothing in the Decision or the cases cited therein[2] suggests that a breach-of-contract claim seeking defense costs is time-barred where a no-action clause is contained in the policy. As the Court is well aware, the discussion on *John Beaudette* was to distinguish away Travelers's cases and reinforce the fact that "although Charter could have filed a declaratory relief action, once Travelers had allegedly breached its duty to defend Charter under the Policies, such a move was not required, nor should Travelers's breach redound to its own benefit by nullifying the no action clause." *See* Decision, 2008 WL 2340395, at *6.

## **CONCLUSION**

For the foregoing reasons, Charter respectfully requests that this Court deny Travelers's motion for clarification.

[2] For instance, the insured in *Hall* did not appeal the limitations question on his duty-to-defend claim. *See Hall v. Allstate Ins. Co.*, 880 F.2d 394, 396 (11th Cir.1989). The court in *Paul Holt Drilling* found that the no-action clause only applies to suits between third parties and the insurer, and thus did not analyze the accrual in light of the no-action clause (although it noted the absurd result of allowing the insurer to use the clause to bar a suit by the insured). *See Paul Holt Drilling, Inc. v. Liberty Mut. Ins. Co.*, 664 F.2d 252, 254-55 (10th Cir. 1981). And *Cardin* concerned the question of whether a no-action clause could preclude a declaratory judgment action by an insured. *See Cardin v. Pacific Employers Ins. Co.*, 745 F. Supp. 330, 334 (D. Md. 1990). As this Court noted in its Decision, these decisions "like *John Beaudette*," concerned an issue inapposite to the limitations issue here. *See* Decision, 2008 WL 23040395, at *6.

CHARTER INTERNATIONAL OIL
CORPORATION

Respectfully submitted by its attorneys:

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Anna M. Piazza (#7206)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
gpetros@haslaw.com
rmain@haslaw.com
apiazza@haslaw.com

Neal R. Brendel (admitted pro hac vice)
James R. Segerdahl (admitted pro hac vice)
Brian F. Saulnier (admitted pro hac vice)
K&L GATES LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
neal.brendel@klgates.com
james.segerdahl@klgates.com
brian.saulnier@klgates.com

Dated: July 9, 2008

**CERTIFICATE OF SERVICE**

**To:**

John A. Nadas, Esq.
Kathleen Burdette Shields, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on July 9, 2008, a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion For Clarification of Court's June 9, 2008 Decision and Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

910306 (43914-77607)